JULIAN BRAMLETT ET AL. V. WIRT ADAMS, STATE REVENUE AGENT.

[50 South. 489.]

AGREEMENTS OF COUNSEL. *Reduced to writing. Necessity.*
    Stipulations touching procedure in a cause, made by the parties or their attorneys, should not be regarded by the court, unless made in writing and placed of record.

FROM the circuit court of Lafayette county.

HON. WILLIAM A. ROANE, Judge.

Adams, state revenue agent, appellee, was plaintiff in the court below; Bramlett and others, partners under the name of Bramlett & Sons, appellants, were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court.

The state revenue agent sued appellants and attached their property to recover $1,500, one third for the state, one third for the county of Lafayette and balance for the town of Oxford, under Code 1906, § 1744, providing that any person who shall sell intoxicating liquors unlawfully shall be subject to pay and to attachment for the sum of $500 to the state, the county and the municipality where the sale is made. The attachment in said suit was levied upon appellants' property. On March 11, 1907, the first day of the term of court to which the process was returnable, appellants filed a plea of general issue to the declaration,

but by oversight the plea was not signed either by appellants or their attorneys. The case was continued by consent, pending a prospective settlement not only of the attachment suit but also of certain criminal actions which had been begun against appellants. Subsequently, September 9, 1907, the first day of the September, 1907, term of court, counsel for appellants being advised of the failure of the negotiations for settlement, filed a plea in abatement to the attachment for appellants. No effort was made by counsel for the state revenue agent at this September, 1907, term to strike the plea in abatement from the files, and the case was again continued. The state revenue agent, at the ensuing, March, 1908, term of court made a motion to strike the plea in abatement from the files, and the court below sustained the motion, and rendered judgment against appellants for the sum demanded in the declaration. The agreement looking to the settlement of proceedings against appellants was never reduced to writing and counsel for the respective parties subsequently disagreed as to its specific terms.

*Falkner & Russell,* for appellants.

The writ of attachment was sued out by an agent and attorney of the state revenue agent, who doubtless knew nothing of the facts upon which it was based, to enforce the forfeiture provided in the highly penal statute, Code 1906, § 1744.

The issue presented to the court by this record is a plain one, namely, whether these appellants, reputable citizens of the state, shall be deprived of their property without due process of law; whether they shall or shall not be allowed to make a meritorious defense, as shown by evidence not disputed by the appellee on the hearing of the motion, determined in the court below and now presented to this court for review. The only contention by appellee, is that the appellants' plea was filed out of time, without first obtaining the leave of court. The answer to this is, that appellee misled appellants by holding out false hopes of a settlement out of court which would be satisfactory to all par-

ties and take away the sting and bitterness of a prosecution in the courts of the country where neighbor would be arrayed against neighbor and might result in bloodshed.

The time is past in this state when a man can be deprived of his property rights on such a flimsy pretense as this.

*W. V. Sullivan,* on the same side.

The judgment of the court below should be reversed. Code 1906, § 775. Amendments should be liberally allowed. *Holmes v. Preston,* 70 Miss. 152; *Hirsch v. Shafer,* 66 Miss. 439.

Our state constitution provides that no one shall be deprived of his life, liberty or property except by due process of law. The affirmance of this case would be in effect an over-riding of the plain terms and safe-guards of the constitution.

*Alexander & Alexander,* for appellee.

We are aware of the rule governing courts, and frequently announced by this court, that where the existence or import of an agreement between attorneys in regard to a matter of practice or pleadings is in dispute and the agreement is oral, the court will not attempt to settle the conflict. Ordinarily, attorneys should put their agreements into writing or take the risks of denials or misunderstandings; but, where the agreement is not as to mere matters of practice but is an agreement for the settlement of a controversy, having several branches, and a part of the agreement is that a judgment should be taken on one branch of the controversy, and the agreement in favor of defendant is executed as to the other matters of the agreement, and the defendant has received the full benefit of the agreement, the court will not allow him to repudiate it and perpetrate a fraud on the opposing party as well as on the court. It may sound fair to say, as appellants have done, that the parties were present and ready for a trial, and no injustice would result to the state from going to trial and ascertaining whether the appellants were guilty. Ordinarily the state should not want any penalty from one not

proved to be guilty. It does not ask it in this case. But when shrewd and intelligent men like appellants, having the benefit of the best legal advice, deliberately make an agreement by which they confess their guilt by means of agreed judgments and pay their fines for unlawful sales of whiskey, and still retain possession of their intoxicating liquors and other *indicia* of their guilt, it is then too late for them to contend that they are persecuted and denied due process of law. The action of the court below in denying the right to amend the plea on file or to file a sworn traverse *nunc pro tunc* was correct and should be affirmed.

Argued orally by *J. W. T. Falkner* and *W. V. Sullivan,* for appellant, and by *C. H. Alexander,* for appellee. .

MAYES, J., delivered the opinion of the court.

We have no doubt that the trial judge would have permitted the plea in question to be filed, had the question been presented to him, uninfluenced by the alleged oral agreement, as amendments are liberally allowed by statute. This being the case, we think the court should have disregarded any agreement not in writing, and allowed the filing of the plea as asked. The only safe rule for courts to be governed by is to require all agreements to be in writing.

The judgment is reversed and cause remanded.

*Reversed and remanded.*