GREEN v. WESTERN UNION TELEGRAPH CO.*

(Division B.   March 14, 1927.   Suggestion of Error Overruled March 28, 1927.)

[111 So. 750.   No. 26328.]

1. JUSTICES OF THE PEACE. *Garnishee held properly permitted to amend answer in circuit court after appeal thereto from justice court.*

   On appeal from justice court, garnishee *held* properly permitted to amend answer in circuit court, since judgment in justice court against garnishee was annulled and case was to be tried *de novo* when appeal was prosecuted to circuit court.

2. BANKS AND BANKING. *Title to funds transferred by telegraph held not to pass to payee until delivery entitling sender to return thereof unless delivered within prescribed time.*

   Where contract for telegraphing funds required delivery of funds so transferred to payee only and for return to sender unless delivered within seventy-two hours, title to funds did not pass to payee until delivery, and sender was entitled to return thereof unless delivered within prescribed time.

---

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, p. 815, n. 4; p. 823, n. 66; Telegraphs and Telephones, 37Cyc, p. 1671, n. 72.

APPEAL from circuit court of Hinds county, first district. HON. W. H. POTTER, Judge.

Suit by R. H. Green against Jacob Farrar, wherein the Western Union Telegraph Company was made garnishee. Judgment for plaintiff against defendant and in favor of the garnishee, and plaintiff appeals. Affirmed.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

*Flowers, Brown & Hester,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

This is a suit of attachment and garnishment brought by the appellant, R. H. Green, to recover eighty-seven dollars and thirty-four cents due by Jacob Farrar to appellant, and the Western Union Telegraph Company was summoned as garnishee, and judgment asked against the telegraph company, who held funds telegraphed by a Mrs. Claude Sterling of Watertown, N. Y., to the said Jacob Farrar at Jackson, Miss. The funds so telegraphed were not paid to Jacob Farrar during the seventy-two hours provided for in the contract between the sender and the telegraph company, but the funds were returned, after the seventy-two hours, to be paid to the sender, Mrs. Claude Sterling, at Watertown.

We here set out an agreed statement of facts, which is as follows:

"It is agreed by and between counsel for the plaintiff and counsel for the garnishee that this cause may be determined by the court on the following agreed statement of facts:

"The garnishee, Western Union Telegraph Company, is a corporation engaged in the transmission of messages and the handling of money transfers by telegraph between points in the state of Mississippi and points in the state of New York and other states. These messages and money transfers are accepted and handled by garnishee in accordance with its published tariff rates and the terms of its contract as filed with and approved by the Interstate Commerce Commission.

"On the 7th day of April, 1925, one Mrs. Claude Sterling filed in the office of the garnishee at Watertown, N. Y., a money transfer directed to Jack Farrar, Jackson, Miss., and then and there deposited with the agent of the garnishee the sum of ninety-six dollars to be paid at Jackson, Miss., to the said Farrar. The said money transfer was tendered to and accepted by the garnishee subject to the terms of its standard money transfer con-

tract which on and prior to April 7, 1925, had been duly established and offered to the public and filed with the Interstate Commerce Commission.

"The copy of the original money transfer sent by Mrs. Sterling to Jack Farrar hereto attached is a true and correct copy and may be treated as being introduced and offered in his cause.

"The money order here involved was a domestic order within the terms of said contract. And further said order was an interstate one, being from a point in the state of New York to a point in the state of Mississippi.

"Said money order was transmitted and received at the office of the garnishee at Jackson, Miss., on April 7, 1925, and was there held undelivered until April 11, 1925.

"On the 11th day of April, 1925, the said Jacob Farrar, *alias* Jack Farrar, being indebted to the plaintiff, R. H. Green, in the full sum of eighty-seven dollars and thirty-four cents, the said R. H. Green brought suit by attachment against the said Farrar in the court of Allen Brown, J. P., and a writ of garnishment was served on the Western Union Telegraph Company on said date and while it yet held undelivered the said money transfer in the sum of ninety-six dollars sent by Mrs. Claude Sterling from Watertown, N. Y., to Jack Farrar at Jackson, Miss.

"The matter came on for hearing before Allen Brown, J. P., the attachment was sustained, and a judgment was rendered against the said Farrar for the sum of eighty-seven dollars and thirty-four cents and costs, and a judgment for eighty-seven dollars and thirty-four cents and costs was also rendered against the garnishee, Western Union Telegraph Company, on its answer theretofore filed in due time, which answer set up the facts pertaining to the said money transfer, but which answer was objected to by plaintiff, and is now objected to because it does not comply with the statutes of the state.

"The garnishee appealed from this judgment, but no appeal has been taken or prosecuted by the principal de-

fendant, Jacob Farrar, *alias* Jack Farrar, and the said judgment against him is valid and final.

"And it is further agreed that the said Jack Farrar to whom the said money order was payable and Jacob Farrar are one and the same person. And it is also agreed that demand has been made on the garnishee by the said Mrs. Claude Sterling for the return of the ninety-six dollars which she undertook to send to Jack Farrar, but which was not delivered and has not yet been delivered to him."

When the telegraph company was summoned to appear and answer the writ of garnishment, one of its agents filed an answer admitting that the telegraph company had ninety-six dollars in its hands belonging to the debtor, Jacob Farrar, whereupon judgment, in the justice court, was rendered against the telegraph company for the amount of eighty-seven dollars and thirty-four cents due by Farrar to the appellant, Green; but the telegraph company, within the time allowed by law for appeals, appealed to the circuit court from the judgment of the justice court, and there filed its amended answer, by leave of the court, and denied that it had any funds belonging to the debtor Farrar; that the telegraph company owed Farrar nothing.

Appellant objected to the filing of the amended answer, and urges now that the lower court erred in permitting the amended answer to be filed. The appellant also contends that the lower court erred in holding that the telegraph company was bound to return the funds to Mrs. Claude Sterling sent by her to Farrar, because, it is argued, the funds were payable to Farrar by the telegraph company at the time the writ of garnishment was served upon the telegraph company.

We think the lower court was correct in holding that the garnishee, telegraph company, could amend its answer when the case reached the circuit court upon appeal from the justice court; this record shows no reason to the contrary. The judgment in the justice court against

the garnishee was annulled, and the case was to be tried *de novo,* when the appeal was prosecuted to the circuit court.

It is also our opinion that the lower court followed the law in holding that the telegraph company, garnishee, owed nothing to Farrar, because, under the terms of the contract between the sender and the telegraph company, it is agreed that the funds transferred are to be delivered to the sendee, or payee, and to no one else, and that the funds are to be returned to the sender unless delivered to the sendee "within seventy-two hours after receipt at paying office." This stipulation in a telegraph contract of this character is commonly in use, and we think the title to the funds in such case does not pass to the sendee until delivery, and that the sender is entitled to the return of the funds unless delivered to the sendee within the prescribed time. Therefore the telegraph company in this case did not at any time owe Farrar the amount of money sent by Mrs. Claude Sterling, but was only under obligation to deliver the amount to him at the instance of the sender, because of the provision in the contract between the sender and the telegraph company.

The judgment of the lower court is affirmed.

*Affirmed.*