WYMOND et al. v. GAUDE SERVICE, INC.

(Division A.   Jan. 15, 1934.)

[152 So. 60.   No. 30909.]

Whittington & Brown, of Natchez, for appellants.

Brandon & Brandon, of Natchez, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment against garnishees. The appellee obtained a judgment in a justice of the peace court and a writ of garnishment was issued thereon against the appellants. The garnishees appeared on the return day of the writ and answered as follows:

"That they are not indebted to R. O. Morrison at the present time, but that they were so indebted to said R. O. Morrison on June 27, 1932, the date of service of said writ on said garnishees in the sum of not less than one hundred ninety-six dollars and forty-two cents, but that said monies were paid by them to defendant's wife, Mrs. R. O. Morrison after said date:

"That they have no effects of said defendant, nor do they know of any other person who owes or has any effects of said defendant in their hands at this time."

A judgment was thereupon entered against them in favor of the appellee for one hundred seventy-three dollars and forty-three cents, the amount of the judgment on which the writ was issued.

The garnishees appealed to the circuit court and there filed an amended answer setting forth that their indebtedness to the judgment debtor had been assigned to Mrs. W. S. Wymond and notice thereof had been given to them before the service of the writ of garnishment; that they had not paid the indebtedness; that Mrs. Wy-

mond claimed it, and suggested that she be summoned to contest the right thereto with the judgment creditor. This amended answer was filed without leave of court, but instead of moving to strike it from the record, the appellee filed an objection styled a plea, asking for a judgment on the answer filed in the court of the justice of the peace. This plea was answered by the garnishees, and reasons unnecessary to be here set forth were given in justification of the filing of the amended answer.

Mrs. Wymond voluntarily appeared and propounded a claim to the fund. A jury was waived and the case was tried by the court without a jury, solely on the issue made by the appellee's objection to the filing of the amended answer.

After hearing the evidence, the court rendered a judgment against the garnishees in accordance with that rendered in the justice of the peace court. The effect of this judgment is simply to refuse to permit the appellant to file the amended answer. The course of the trial indicates that the judgment was not rendered on the theory that leave to file the amended answer must first be obtained, and had that question been raised, the appellant could have met it with a request for leave to file the answer.

Under section 67, Code 1930, appeals from the court of a justice of the peace to a circuit court are tried de novo; and under section 567, Code 1930, the circuit court is authorized to allow proper amendments to pleadings in such cases (McCullar v. Mink, 121 Miss. 831, 83 So. 907), among which are amendments to answers of garnishees, changing an admission of indebtedness to an attachment or judgment debtor to a denial of such indebtedness (Green v. Western Union Tel. Co., 146 Miss. 703, 111 So. 750).

Reversed and remanded.