DELTA MOTORS, INC. *v.* CHILDS

No. 40728 March 24, 1958 101 So. 2d 527

*James T. Bridges,* Belzoni, for appellant.

*Leon L. Shelton,* Jackson, for appellee.

ETHRIDGE, J.

The questions raised here are (1) the proper measure of damages for breach of express warranty in a buyer's defense to a seller's suit for the purchase price; and (2) whether the jury could find a waiver by seller of a contractual provision for acceptance of defects by buyer's use of the machine.

Appellant, Delta Motors, Inc., filed this suit in the Circuit Court of Humphreys County against appellee, E. G. Childs, seeking to recover the balance due on a note of Childs to plaintiff of $1,116.82 resulting from a sale to Childs of a new hay baler. The declaration contained a second count for $47.80 on a sworn open account for repairs made by plaintiff. Defendant pleaded the breach of an express warranty as to the condition and performance of the machine. The jury returned a verdict for appellant in the amount of $146, and a judgment was entered for that amount. Because of erroneous instructions, the case will have to be reversed and remanded for a new trial. Hence it will be necessary to also consider principles of law pertinent to the new trial.

Appellant sold the hay baler to Childs on August 15, 1955. After deducting the value of a trade-in, the time-payment balance was $1,541.82, which was to be paid in two installments falling due on November 15, 1955 and November 15, 1956. The conditional sale contract contained this warranty: "All machines and equipment are sold upon the following agreement in nature of a

special warranty only, which is expressly agreed to be in lieu of all other warranties and it is understood that there are no implied warranties of any kind or nature.

"All machines and equipment are made of good material and will do good work when properly set up and operated. If any of them for which this order is given does not, upon one day's trial, do good work, the Purchaser shall give immediate notice to the Seller and allow plenty of time to send a competent man to put in good order and give him, in a friendly spirit, such assistance as is necessary to get it into successful operation. If it cannot be made to work well (condition of ground and crop considered), the Purchaser shall return it at once to the Seller's place of business, at the Purchaser's expense; and payments, if any have been made, will be refunded, which shall constitute settlement in full. Continuous use of the machine or use of it at intervals through the season or failure to notify the Seller or failure to return the machine as agreed, shall be deemed an acceptance of the machine in its then condition.

"Should any part appear defective within 90 days from date of purchase, on account of defective material or faulty workmanship and such parts be returned to the Seller, transportation prepaid, and upon inspection be found defective, the Seller will furnish new parts in lieu of such defects without charge."

In view of the jury's verdict, the evidence is outlined in accordance with appellee's version. Childs testified that the baler did not work right in that it would not tie the bales, and, on the same day he got it, he told Wolfe, manager of the company, of the trouble. Wolfe advised him it would be all right "when the paint wore off". In the succeeding months the baler continued to give Childs considerable trouble, mainly in failing to tie the bales, but also in other miscellaneous respects. Delta Motors had its mechanics work on the machine at different occasions, and assured Childs that the company either

would get it to work right or would get a factory man to fix it. Childs told plaintiff several times that he was going to bring the hay baler back, and would not pay for it if it did not work. Delta Motors continued trying to get the machine to bale properly, but apparently this was never done. Childs refused to make the November 15, 1955 payment, so on March 1, 1956, plaintiff repossessed it in accordance with the sale contract. On March 26 it sold the baler for $500. Childs was given proper notice of the sale, and no attack is made upon its regularity. After deducting foreclosure expenses of $75, Delta Motors gave Childs credit for $425, leaving a principal balance, allegedly owed plaintiff, of $1,116.82 plus interest, for which this suit was brought.

██ █ Defendant's answer admitted the execution of the note and his failure to pay it. He denied a debt to plaintiff of $1,116.82 plus interest. The answer to Count One did not plead a breach of warranty by plaintiff, but, after all of the evidence was submitted, defendant made an oral motion, which was sustained, for leave to amend the answer on the ground that ''the consideration for the indebtedness failed and the warranty on the other machine was breached.'' Pleadings should of course be settled before actually trying a case on the merits. However, under Code 1942, Sec. 1511, the Court has ''full power to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial.'' There was no abuse of discretion in permitting appellee to amend its answer to plead a breach of warranty, since there was no surprise or undue advantage taken of appellant. The entire case was tried on this theory by both sides, and plaintiff did not object to defendant's evidence dealing with breach of warranty, on the ground that such evidence was at variance with the answer or on any other ground. Cannady v. Espey, 93 So. 2d 453 (Miss. 1957); Wymond v. Gaude Service,

Inc., 168 Miss. 678, 152 So. 60 (1934); Bramblett v. Adams, 96 Miss. 61, 50 So. 489 (1909).

 The other count of the declaration was a sworn account of $47.80 for labor and materials furnished by plaintiff in repairing the hay baler. Defendant's answer denied the indebtedness, on the theory that these items were expended by plaintiff under the terms of the warranty to furnish defendant a workable machine. Defendant's failure to file a counter-affidavit precluded him from questioning the correctness of the account, but not liability for it. Sanders & Alexander, Inc. v. Jones, 221 Miss. 143, 72 So. 2d 240 (1954).

Appellant was not entitled to a peremptory instruction. The pleadings as amended and the evidence presented the issue of whether plaintiff had breached its express warranty. The case was tried on that issue by both sides. The jury was warranted in finding that the buyer gave immediate notice to the seller of the defects in the hay baler and allowed the seller ample time to get the machine in workable condition.

Appellant also relies upon the terms of the last sentence in the warrant: ''Continuous use of the machine or use of it at intervals throughout the season, or failure to notify the seller or failure to return the machine as agreed, shall be deemed an acceptance of the machine in its then condition.'' Appellee used the baler from August 15, 1955, until March 1, 1956, when it was not being repaired or was not broken down. He did not return it to Delta Motors, but he testified that he told appellant on several occasions he was going to do so unless it could be fixed, and that appellant's officers told him that they would adjust it and continued trying to do so.

The jury would be warranted in finding that appellee properly notified appellant of the defects in the machine. However, under the quoted provision in the contract, continuous use of the machine or failure to return it constitutes acceptance by the buyer and, in effect, a

waiver by the buyer of defects. Nevertheless, the seller may waive compliance with a condition imposed by the contract, such as that in the present warranty with reference to continuous use and return. On retrial of this case, whether such a waiver by the seller occurred should be submitted as an issue for the jury. The pertinent rule is described in 77 C. J. S., Sales, p. 1249: "Contractual provisions as to acts which may be regarded as a waiver of a breach of warranty may be waived by the seller . . . a provision in the contract that retention of the goods beyond a given period will operate as a waiver of defects is inapplicable where the seller induces the buyer to retain the goods under a promise that the defects will be remedied, or the seller induces the buyer to give the goods a further trial, or where timely notice has been given of defects and the seller is endeavoring to remedy them."

██ █ In brief, appellant was not entitled to a peremptory instruction on the ground that appellee had continued to use the machine after knowledge of the defective condition, since appellee had a right to submit to the jury the issue of whether appellant had waived that provision by inducing the buyer to retain the baler under a promise that the defects would be remedied, and by inducing the buyer to give the machine further trials.

██ █ However, the case must be reversed and remanded for a new trial because certain instructions obtained by appellee did not submit to the jury any proper measure of damages for a breach of warranty by appellant. We are not concerned here with a matter of rescission, because appellee retained possession of the machine. But he has the right to set up by way of recoupment or counterclaim the damages resulting from a breach of warranty, and thus reduce the seller's recovery for the balance of the purchase price. ██ █ The proper measure of damages in such a case for breach of warranty was recently summarized in Morrow v. Barron

Motor Co., 90 So. 2d 20, 23 (Miss. 1956): ''The measure of damages is ordinarily the difference in the value of the car as it was when the buyer received it, and as it would have been if up to warranty . . . Stated differently it is the difference between the value of the property as warranted and the actual value in its defective condition.'' An alternative and less accurate statement of the basis of damages was made in Alig v. Lackey, 114 Miss. 392, 75 So. 139 (1917), which limited the reduction of the balance due by the ''actual value of necessary repairs to make the machinery come up to representations.''

 ██ One of defendant's instructions authorized the jury to deduct ''all damages, if any, you believe was suffered by the defendant from the use of the machine''. Another told the jury that, if defendant was ''damaged in a sum equal to the balance alleged to be due under the contract'', then it should find for defendant. These instructions did not indicate any measure of damages. Another instruction for appellee is misleading in that it told the jury to find for defendant unless it believed that defendant failed to notify plaintiff in time or failed to assist plaintiff in remedying the defect, and unless it believed ''that the defendant is indebted to the plaintiff in this sum of $1,116.82''. The evidence as to the breach of warranty would of course have justified a finding for a less amount.

Reversed and remanded.

*McGehee, C. J.*, and *Lee, Arrington* and *Gillespie, JJ.*, concur.