CRAWFORD *et al. v.* STATE.

(Division B. January 4, 1932.)

[138 So. 589. No. 29658.]

J. D. Guyton and C. E. Morgan, both of Kosciusko, for appellants.

**Walter A. Scott, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Clarence Morgan** and **Joe Guyton,** for appellant, and by **W. A. Scott, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

We have decided, for several reasons which seem to us valid, not to enter upon any outline of the facts of this case, or of its complicated history, but will state only enough to lead up to, and to present, the point of practice which, in our opinion, necessitates a reversal of the judgment.

There is no proof, nor was there any attempt to make proof, that appellants converted a cent of the funds in question to their own use. Therefore, a conviction, if sustainable at all, must be under the complementary clause of the embezzlement statute, and under the theory that appellants fraudulently made way with the said funds. And under that theory, we have concluded that, in any event, there can be no conviction in the case here in hand unless the withdrawals by the former depositors of the Zama Bank, after the transfer of their accounts to the Guaranty Bank, exceeded the general aggregate of their deposits plus the amounts deposited in cash by the state banking department, which latter deposits, according to the present record, amounted to thirty-one thousand two hundred eighty-five dollars and thirty-four cents. In other words, it is not enough to show that the aggregate of the withdrawals by the former depositors of the Zama Bank equalled thirty-one thousand two hundred eighty-five dollars and thirty-four cents plus twenty-five dollars; but there must be taken into consideration the various deposits made by these former Zama Bank depositors from time to time all along until the closing of the Guaranty Bank, the withdrawals during the same period to be taken into account also in arriving at the ultimate result.

A commercial bank could not continue in business without depositors. Every new depositor is therefore, in a substantial sense, an asset to the bank, and a large number of new depositors is, of course, an increased as-

set. In a case such as we have here before us, to disregard the deposits made from time to time by these new depositors during the period under investigation, giving no credit therefor in the equation, but, on the contrary, taking into consideration only the withdrawals by these new depositors, would, in our opinion, evolve an unjust and unwarranted result against the accused.

Appellants, in presenting the point above mentioned, call attention to the fact that there was no tabulated or consolidated statement made out from the books and records of the bank, verified by a witness who made them, so as to disclose to the jury what were the actual facts in reference to these deposits from time to time by the said former Zama Bank depositors. Appellants assert that it would require a considerable time on the part of a competent accountant to go through all these books and records and make up a compilation or tabulation upon the issue which we have above stated, and that it would require a much longer period of time for a jury to do this, even if a jury could do it at all. The state replies to this as follows: ''Appellants suggest that the testimony does not show the totals of the deposits and withdrawals, but we do not think the case should be reversed on this ground. It may be that the district attorney himself computed the totals and stated them in his argument before the jury. Inasmuch as the exhibits were in evidence, the jury had a full opportunity to examine them and to ascertain the totals for themselves which seems to have been purely a matter of computation from the exhibits. Furthermore, it must be presumed that the jury realized their obligations and that if they had been in doubt in the matter they would have rendered a different verdict.''

It appears that a considerable volume of bank books and bank papers were introduced in evidence. These books and papers have been forwarded to the clerk of

this court under an order of the trial judge. The said books and papers fill a box of some size. The point to which we address this opinion is thus reached and it is, whether a mass of books and papers may be introduced before a jury and without any tabulated computations drawn out by a competent person acquainted with books of that character and verified, as a witness, by the person making the tabulations and computations, the jury may be required to make the necessary tabulations and computations; and upon a general verdict, whether it must be assumed by this court that the jury did make the tabulations and computations mentioned; and finally, upon a review of the record, whether we shall be required here to take a box of books and papers and ourselves make the tabulations and computations required in order to discover whether the said books and papers cover and verify the affirmative facts necessary to be shown in support of the verdict.

We answer the above inquiries in the negative and say that, when the course taken in the trial is no more definite than that indicated in the foregoing paragraph, the procedure amounts to no proof at all, whatever the books and papers might have shown had their contents been placed before the court and jury in a concrete and definite manner.

An elemental requirement in the production of evidence is that it shall be intelligible to the triers of the facts and to the person being tried; and the further requirement is that it shall be definite and that the right of cross-examination shall be preserved. Moreover, the production must be in such a state of preparation as to expedite the trial and prevent trespasses upon the time of courts and juries. It follows, therefore, that, when intricate accounts and voluminous business records are to be inquired into and the facts upon particular issues said to be disclosed by said records are to be adduced

in proof, it must be done by way of the previous preparation, by a competent person, of definite and pertinent schedules, tabulations, or other suitable and practical compilations, and the person who has made the compilations must be introduced as a witness, so that the records in evidence may be explained and the pertinent parts thereof definitely and cogently pointed out, and so that cross-examination may be permitted to search into the soundness of the compilations or schedules and of the conclusions sought to be established. In the absence of a reasonable compliance with the foregoing requirements, a pile of books of account will prove no more in law than, as a practical matter, they have disclosed in a concrete and definite form to the minds of those who are to determine the issue or issues, and this, save in rare cases, could reasonably be, in actual and dependable substance, but little more than nothing.

We pass upon no other question in this case. The situation above mentioned has confronted us at the threshold, and the proof not being sufficient to authorize a further step into the inquiry, either in fact or in law, we address ourselves to none of the other issues presented.

Reversed and remanded.