CHAS. WEAVER & CO., INC., *v.* PHARES.

(Division A. April 17, 1939.)

[188 So. 12. No. 33671.]

Lotterhos & Travis and **Vardaman S. Dunn,** all of Jackson, and **Bramlette & Bramlette,** of Woodville, for appellant.

**Jones & Stockett** and **Clay B. Tucker**, all of Woodville, for appellee.

Argued orally by **Vardman S. Dunn** and **Cecil F. Travis**, for appellant, and by **Clay B. Tucker**, for appellee.

**Griffiths, J.**, delivered the opinion of the court.

Appellee had a contract with appellant to clear and grub a link of a state highway in Wilkerson County in part performance of a principal contract which appellant had with the State Highway Commission. The length of the link was approximately 16½ miles. The contract was awarded on June 17, 1936, was signed on July 11, 1936, and was to be completed in 175 working days or in about 30 weeks, after delivery of the work order. Appellee began work on July 24, 1936, a few days after the issuance of the work order, and on November 7, 1936, that is to say, at the end of 15 weeks, he had covered a distance of approximately 10 miles, or according to the more specific calculations, about 64% of his work. At the same rate he would have finished in 8 weeks more, making a total of 23 weeks, leaving a remainder of 7 weeks during which he would have had ample time to do the clean-up work left behind.

There was, therefore, no breach of the contract by appellee, and pursuing the entire record by a close analysis of the facts, we are of the opinion that under the evidence, the findings by the chancellor are supported adversely to appellant on every assignment of error, save as to the following:

This was a federal aid project and under the Acts of Congress and the government regulations adopted in pursuance thereof the hours of work for manual labor were limited to eight hours per day and to specified hours per week. This was to spread the employment among as many in need of work as was reasonably possible and

practicable, eight hours being deemed both reasonable and practicable—all this to furnish employment and to relieve unemployment. Appellee, instead of observing the contract with the State Highway Department in this respect, and the government regulations aforesaid, worked men overtime and paid them for the overtime, so that his pay rolls, Nos. 1 to 16, upon which he seeks here to recover, showed a total paid out for labor in the sum of $6,663.58, while in reporting to the government labor checker, his pay rolls disclosed not the time the men actually worked, but the hours which, under the contract and the labor regulations, they were allowed to work, with the result that the certified labor pay rolls made for the State Highway Department and the Federal Government showed a total of $5,038.80, or a difference of $1,624.78. Appellee cannot be allowed to recover this difference against appellant; and it is immaterial that appellant knew of this overtime and acquiesced in it while the work was going on, and, therefore, knew it when appellant later, by a new arrangement, agreed to reimburse appellee for all the expenses of the work.

The overtime employment was contrary to a definite and distinct public policy as regards such federal aid work, and anything expended by appellee in direct furtherance of that overtime employment was an expense against the law. In seeking to recover that expense, even as against a third party who subsequently promised reimbursement therefor and even though the third party had known of the illegal acts and had acquiesced in them at the time committed, appellee is obliged to base his effort, so to recover, upon his original unlawful action. If the courts were to aid appellee in this effort, it would be to sanction and to legalize that which was unlawful, and this no court will do, but will leave the parties where found—insofar as any illegal items or portions are concerned. All this is so well settled that citation of authority is unnecessary, but we might point to a recent

treatment of the subject in 12 Am. Jur. pp. 662 et seq., wherein, among others, a number of cases by this Court is cited.

Appellee says, however, that his sixteen pay rolls amounting to $6,663.58, while apparently entirely for labor, actually embraced expenditures for truck, skidder and mule hire, and that if all the box full of original exhibits introduced in the trial court, the originals of which were sent here, were gone through and audited, a segregation could and can be made of the expenditures last mentioned, which, when ascertained, should and could be deducted aside from the labor part of the total of $6,663.58.

It is not the duty of a jury or of a chancellor, and certainly it is not our duty here, to go through a mass of papers, much less when there is a box full of them, as here, and make any such segregations. We dealt with this question in Crawford v. State, 162 Miss. 158, 138 So. 589, and we simply add here, as a result of the holding in that case, that where segregations such as here suggested by appellee are necessary out of a mass of papers, accounts or other documentary exhibits, the party who relies thereon must make them, and put the tabulations and computations thereof before the triers of fact in some reasonably accessible, concrete, and definite form, else the matters relied on as being buried in the exhibits will be considered as not having been proved at all.

The decree will be reversed, and a decree entered here for appellee for the amount of the original decree, which was $3,114.90, less $1,624.78, making the amount of the decree here $1,490.12, with legal interest thereon to run from the date of the original decree, which was December 15, 1938.

Reversed and modified decree here for appellee.

**Smith, C. J.**, delivered the opinion of the court on Suggestion of Error.

The appellant suggests that we erred in awarding the appellee any recovery at all; that we should have held that no portion of its promise to reimburse the appellee for the expense incurred by him under his contract to clear and grub a part of the highway is enforceable. The reason given therefor is that as a part of this expense for which reimbursement was promised was illegally incurred, the entire promise was thereby void. In support of this, the appellant cites cases holding that where a part of the consideration for a promise is illegal, the promise is void.

The illegality here is not in the consideration for the appellant's promise, but appears in the promise itself. The consideration for the appellant's promise to reimburse the appellee for the expense incurred by him under his contract to clear and grub the highway, was the surrender of that contract and the turning over of the completion of the clearing and grubbing to the appellant—a perfectly legal and valid consideration. What we held was that this promise was invalid in so far as it covered the highway expenditures made by the appellee— that a part of what the appellant's promise to do was illegal in that it violated a public policy. "Where (as here) an agreement founded on a legal consideration contains several promises, or a promise to do several things, and a part only of the things to be done are illegal, the promises which can be separated, or the promise, so far as it can be separated, from the illegality, may be valid." 13 C. J. 512; 6 Williston on Contracts (Rev. Ed.) · sec. 1779; 1 Elliott on Contracts, sec. 249; 12 Am. Jur., Contracts, sec. 220. While this promise was to pay all the expenses incurred by the appellee under his contract to clear and grub the highway, that expense was made of many separate and distinct items, among which were the payments made separately to individual laborers

for labor performed by them. The items of this expense being separable, the appellee could have recovered for his legal expenditures without proving those that were illegal or claiming payment therefor. The appellant's promise, therefore, is a divisible one, the illegal portions thereof being separable from the legal. Cf. Jones v. Brantley, 121 Miss. 721, 83 So. 802, 8 A. L. R. 1353.

If the illegal portions of this promise showed gross moral turpitude, a different question might be presented. Williston, op. cit., section 1779. But such is not the case here. In Dixie Rubber Co. v. Catoe, 145 Miss. 342, 110 So. 670, and other cases cited by the appellant, the illegality was in the consideration for the promise, but here the consideration for the appellant's promise was legal.

Overruled.