GULF, M. & O. R. CO. *et al. v.* LUTER MOTOR EXPRESS.

(In Banc.  March 24, 1941.  Suggestion of Error Overruled April 28, 1941.)

[1 So. (2d) 231.  No. 34328.]

524

Flowers, Brown & Hester and J. N. Ogden, all of Jackson, and Y. D. Lott, Jr., of Mobile, for appellants.

526

Jacobson, Snow & Covington, of Meridian, for appellee.

528

See Mayer v. U. S., 23 Fed. Sup. 810.

Argued orally by **J. N. Ogden** and **Y. D. Lott, Jr.,** for appellants, and by **E. L. Snow,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Mrs. L. M. Luter, doing business as Luter Motor Express, applied to the Mississippi Public Service Commission for a certificate of public convenience and necessity to operate as a common carrier, by vehicle, of commodities generally over regular routes and between fixed termini, there being two of these routes, which together extend over more than 1,000 miles and touch more than 100 towns and villages. The application was based solely upon the proviso in Section 8(a), Chap. 142, Laws 1938, which is generally referred to as the "grandfather clause."

The Commission granted the certificate as applied for, that is to say, as a general carrier, and the objectors have appealed. Sufficient of the further facts so far as shown by the present record, and so far as pertinent to a determination of the issues presented, will hereinafter appear.

The first contention of appellants is that appellee was not in bona fide operation on January 1, 1938, because she had no certificate of public convenience and necessity then or at any time theretofore; that in consequence her operation was unlawful, and being unlawful could not be in good faith or bona fide.

If the fact relied on be, within itself, sufficient to render the operation as one not bona fide, then the entire grandfather proviso would amount to an unnecessary insertion of useless and meaningless language in the statute, because subsection (h) of Section 8 directs the Commission "immediately to issue to the present holders of such outstanding certificates, new certificates authorizing operation over the same routes, and in all respects to conform to the terms of the outstanding certificates." Present holders were not required to present formal new applications, whence the grandfather proviso must be interpreted as applying to those who had no outstanding certificates, but even so could qualify as bona fide operators in a requisite measure of actual fact by definite and well sustained proof.

What is meant by the term "bona fide operation" has not heretofore been considered by our Court, but it has been before the Federal Courts on several occasions. There is a review of it in Eastern Carrier Corporation v. United States, D. C., 31 F. Supp. 232, 236. It will be observed from what is said in that review that no exact definition of the term can be prescribed; but we will say that when, as in the case now before us, the operation has been real and substantial, not something made of straw as a pretense or sham, and has been openly and honestly conducted with the knowledge of the Commission and with the consent of that authority, even though not formally certified, the term has been satisfied within the purport of the grandfather proviso.

There has been here no defiance of the Commission or of the law as was present in McDonald v. Thompson, 305 U. S. 263, 59 S. Ct. 176, 83 L. Ed. 164, relied on by appel-

lant. In the present case appellee applied to the Railroad Commission, the predecessor in authority of the present Commission, and posted her checks, as required of applicants; but appellee was informed by the secretary of the Commission that the Commission was of the opinion that it had no authority to grant the permit applied for. The present record contains no copy of that application, but it must be assumed that it disclosed the same state of facts which is shown by the present application, namely, that the real operation of appellee was that of a restricted carrier; and an examination of the statutes in existence before the present 1938 Act will reveal that it was not clear whether or how the old Commission could deal with an application under which that state of facts was presented.

And this brings us to the point which constitutes the real merits of this case. The record, so far as it shows anything with that definiteness required in such cases, establishes no more than that on and prior to January 1, 1938, appellee was a restricted common carrier and not a general common carrier. One who was operating on the date aforesaid as a restricted carrier cannot avail of the grandfather proviso to obtain a certificate of convenience and necessity as a general common carrier. Here the record shows that what appellee had carried had been fresh cream, oil, and other petroleum products, and that such other things as were carried were merely casual, and were of comparatively rare occurrence. These sporadic or occasional incidents cannot be enlarged into the creation of a right to be certified, under the grandfather clause, as a common carrier of everything which may be transported by motor vehicle, as the order of the Commission attempted to do in this case.

Nor does the fact that the carrier held himself out as ready, able, and willing to carry any and everything for any and everybody change the legal situation so far as the grandfather proviso is concerned. What was actually and ordinarily done on and before the date men-

tioned is the test, and the burden of proof in such matters rests on the applicant; and, as already stated, that proof must be definite and well sustained, whence it follows that statements by a witness or witnesses which are phrased in terms of generalities are not sufficient.

And in this connection we may notice that it has been argued that appellee presented to the Commission "a huge box of way bills by which the Commission might see for itself how much and the character of the freight being handled." The record shows that the Commission did not examine the contents of this huge box and there is nothing before us as to what was in the box except that they were way bills; and hence, at best, we are remitted to the schedules thereof exhibited with the petition, and these show no more than we have previously mentioned. In Crawford v. State, 162 Miss. 158, 138 So. 589, and Weaver & Co. v. Phares, 185 Miss. 224, 233, 188 So. 12, 570, we pointed out that a box full of documents presented to a court, and this includes any tribunal whose acts are subject to judicial review, is no proof at all, unless and until the party who relies thereon has made suitable tabulations or schedules thereof in a reasonably concrete, readily accessible and definite form and produces as a witness the person who made the tabulations.

The principles of procedure and adjudication outlined herein will be found in accord with what has been said in the following federal decisions: Lumstrom Common Carrier Application, 13 M. C. C. 491; Moore Transportation Company Common Carrier Application, 3 M. C. C. 585; Great Lakes Cartage Company Contract Carrier Application, 2 M. C. C. 119; Meyers Trucking Co. Contract Carrier Application, 3 M. C. C. 273; Patterson Common Carrier Application, 3 M. C. C. 138; Lenker Contract Carrier Application, 9 M. C. C. 665; Bornstein Contract Carrier Application, 2 M. C. C. 95; Crescent Transportation Co. Common Carrier Application, 2 M. C. C. 313; Sprout Contract Carrier Application, 9 M. C. C. 677; Fitzgerald's Express Common Carrier Application, 6 M. C. C. 499;

Nicholas Tuso Common Carrier Application, 22 M. C. C. 616; McCarthy Common Carrier Application, 17 M. C. C. 511; Eastern Carrier Corp. v. United States, D. C., 31 F. Supp. 232; Loving v. United States, D. C., 32 F. Supp. 464; and United States v. Maher, 307 U. S. 148, 59 S. Ct. 768, 83 L. Ed. 1162, and in this connection we call attention to the fact, as we did in the recent case, Dixie Greyhound Lines v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579, that subsection (c), Section 6, Chap. 142, Laws 1938, the Act which we are now considering, requires conformity as nearly as practicable with what is required under the Federal Motor Carriers Act of 1935—hence the pertinency and persuasiveness of the cited federal decisions.

Under the present record, the order of the Commission here appealed from is too broad, as we have already indicated, and must be reversed. We are authorized under Section 28 of the Act to modify the order and enter here such order "as may be right and just." We prefer, however, not to attempt to enter a modified order, but conclude rather that it would be right and just to reverse with directions that the matter be remanded to the Commission so that the Commission may make such order as will be proper within the principles which we have herein stated; and, if the parties desire, that further and more definite proof may be made for or against the application.

Reversed and remanded.

**Alexander, J.**, took no part in the decision of this case.