CANNADY *v.* ESPEY, et ux.

No. 40409          March 11, 1957          93 So. 2d 453

*Gipson, Gipson & Wiley,* Meridian, for appellant.

*Watkins & Buckley,* Meridian, for appellees.

Lee, J.

W. R. Cannady instituted suit in the circuit court to recover from Kelly Espey and wife, Louise Espey, a balance due on a $4,000.00 note, amounting to $2,603.25 plus interest and attorney's fees.

The defendants, by their answer, denied that the amount was due and owing. They also undertook to plead payment by alleging that they delivered to Mississippi Realty Company, as agent for the plaintiff, notes for collection and in liquidation of this indebtedness.

On plaintiff's preliminary motion, the court struck the allegations as to payment and the manner thereof, and no amendment of the answer was made. Before the cause was reached on its merits, the Circuit Judge died, and a special judge was appointed. On the trial, the plaintiff introduced his note and rested.

Espey testified at length as to the circumstances in connection with the execution of the note and the manner of payment. Objections were interposed to much of his evidence and rulings were reserved by the court.

The matter was developed as follows: On August 28, 1952, Raymond Hennessee, doing business as Mississippi Real Estate and Insurance Company, for a fee of $800.00 negotiated a financial deal whereby the plaintiff made a loan of $4,000.00 to the defendants, who executed their notes in those two amounts to Hennessee and Cannady. They also executed to the designated trustee a second deed of trust on their house, lot and furniture, in the City of Meridian, and other real estate in the county, to secure the payment of these two notes.

Espey, according to his evidence, also put up and delivered to Hennessee as agent for Cannady, as additional collateral to secure payment, certain notes on personal property which he had sold. Hennessee was to receive a fee for collecting the notes, and in addition, was to receive his brokerage fee from the proceeds of the notes. The notes so placed by Espey in the hands of Hennessee, at the instance and for the benefit of Cannady, aggregated $11,929.57. Espey made a list at the time, and this list was introduced in evidence. The notes, as they were paid, were to be applied on Espey's note to Cannady. When Cannady finally returned the remainder of these notes in December 1955, the aggregate amount was $8,318.86, or $3,610.71 less than the original amount.

Espey also testified that he made collections and delivered to Hennessee for application on the $4,000.00 note the sum of $1,775.00, for which he had receipts and which were introduced in evidence. The deed of trust, which, as stated, was a second lien, was foreclosed and the real and personal property covered therein brought the sum of $500.00, which of course constituted a credit. Espey testified that he was entitled to a further credit

of $1,206.25, the details of which were somewhat confused.

Espey testified repeatedly and positively that his agreement with Cannady was that the collections should be paid to Hennessee and that they would be applied on the $4,000.00 note; that he could not withdraw the notes from Hennessee; that he asked Cannady for them but that he would not return them; and that he did not do so until the matter got into court. At this juncture the court expressed the opinion that he was in a dilemma because there were no pleadings on which to base the proof which had been offered. Defense counsel then said "We plead payment, your honor. We plead the law would give us right to show how the payments were made," and moved to amend the answer. The court allowed counsel to dictate into the record what he proposed to prove as affirmative matter. This was done, counsel stating in effect that he was pleading payment of the note sued on by reason of certain negotiable instruments being placed with a trustee to secure the payment of the $4,000.00 note and that such instruments in the sum of $4,353.00 were collected and paid, and the note, which they secured, was thereby paid. The plaintiff objected to the proposed amendment and moved to strike for several reasons.

The court, in ruling on the matter, stated that he felt that it was within the sound discretion of the court, before verdict, to allow any amendment which will more nearly present the issues to the jury, and therefore he would permit the amendment to show a plea of payment. The court stated however that the amendment came after the plaintiff had rested his case, and that if the plaintiff felt that he was prejudiced or unable to proceed with the trial, additional time would be allowed in which to meet the issue and he would not be then forced to issue. To this statement of the court counsel for plaintiff responded "Your honor, please we have waited so

long to get to trial, we would rather finish it. Let the record so show''.

When the defense rested, Hennessee, as a witness for plaintiff, testified to all of the details in connection with the loan, the notes, the deed of trust, etc. He admitted that the notes, which were delivered to him by Espey for collection, were collateral for Cannady, and that he had no authority to release them to Espey; that, after deducting the fee for collection and the application of a part thereof on his $800.00 fee, he deposited the balance in a Hennessee and Cannady account; that Cannady and Espey had an agreement that Espey would make payments to his, Hennessee's, office and that the same would be applied on both notes; and that the note was to be paid in that way through the collections and payments by Espey.

W. R. Cannady testified that he received from Hennessee only $896.75 to be applied on this note, and that the only other credit thereon was the net amount of $475.00 from the foreclosure proceedings. He said that he did not have anything to do with the arrangement between Espey and Hennessee about collecting the notes, and was not even present. He admitted that he and Espey were in Hennessee's office when Hennessee decided to quit collecting on the notes and when he surrendered them. However, it was his version that they were surrendered to Espey. He also admitted that they went to the office of Cannady Motor Company but that Espey did not carry the notes away from that office. He said that he did not touch the box in which the notes were kept. He disclaimed any knowledge of the joint account with Hennessee until the case was heard in court. Without going into further detail, it is sufficient to say that his evidence was in effect a traverse of what Espey said.

The court refused the plaintiff's requested peremptory and submitted the cause to the jury by instructions

which properly announced the issue as to whether or not the note had been paid. The jury found a verdict for the defendants.

In view of the sharply disputed issue, manifestly the court properly refused the requested peremptory.

Appellant contends that the trial court not only erred in allowing the defendants, during the trial, to amend their answer so as to plead payment of the note, but that such allowance was further erroneous because the regular circuit judge had theretofore sustained plaintiff's motion to strike this very allegation from the original pleading.

Of course pleadings should be settled before actually trying a case on the merits. However, under Section 1511, Code of 1942, amendments so as to bring the merits of the controversy fairly to trial are liberally allowed. There was no abuse of discretion in this instance inasmuch as the trial judge offered to grant the plaintiff additional time.

It is also contended that the receipts, notes, and conditional sales contracts, offered in evidence by the defendants over the objection of the plaintiff, were in bulk or packages and bundles, and that such introduction constituted reversible error.

Lists were made in each instance and the items were substantially identified. It might have perhaps taken some time to cross-examine, but it was certainly not impossible to do so. Those items were not in such a state as to merit the condemnation expressed by this Court in Crawford v. State, 162 Miss. 158, 138 So. 589.

Appellant contends also that the court erred in refusing the nine-juror instruction, which he requested. Instead of telling the jury that "if" nine or more of the members agree on liability, the instruction said "when" nine or more did so. It was of a peremptory nature and was properly refused in that form.

■■ ■ Neither could the court say peremptorily that Hennessee was an agent, or the exclusive agent, of the defendants.

If Hennessee collected the $3,610.70, represented by the notes which, according to Espey, were not returned to him, then, under the evidence in this case, the jury was warranted in allowing Espey a credit therefor. This amount, added to the $1,775.00 for which Espey had receipts and to the $475.00 from the foreclosure, aggregated $5,860.70 — more than enough to pay both the $4,000.00 and the $800.00 notes, to say nothing of Espey's additional claim for $1,206.25. Whether or not this was the true version, of course, was for the jury, the best known arbiter of a sharply disputed controversy. The verdict of the jury was supported by substantial evidence and was not against the overwhelming weight of the evidence. Consequently the motion for a new trial was properly overruled.

The cause is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.