BRIDGES, APPELLANT *v.* CITY OF BILOXI, APPELLEE

No. 43224          October 19, 1964          168 So. 2d 40

*Upton Sisson,* Gulfport; *Blass & Smith,* Wiggins; *Forrest B. Jackson,* Jackson, for appellants.

*Watkins, Pyle, Edwards & Ludlam,* Jackson; *Charles K. Pringle, Albert Sidney Johnston, Jr.,* Biloxi, for appellee.

PATTERSON, J.

The petitioners seek the incorporation of an area lying along the Mississippi Sound and west of the City of Biloxi in Harrison County, Mississippi. This area, if incorporated, to be known as the City of West Biloxi Beach.

On March 4, 1961, pursuant to Mississippi Code Annotated section 3374-03 (1942), a petition for incorporation was filed in the Chancery Court of Harrison County. Thereafter amended petitions were filed seeking the same result. This petition was signed by numerous residents of the Handsboro and Beauvoir voting precincts within the area sought to be incorporated. Mississippi Code Annotated section 3374-03(3) (1942) states the requisite number of petitioners necessary to meet the requirements of such statute, "It shall be signed by at least two-thirds of the qualified electors residing in the territory proposed to be incorporated." The City of Biloxi, respondent, filed a plea to the jurisdiction of the court alleging therein that two-thirds of the qualified electors residing within the territory sought to be incorporated had not signed the petition for incorporation on March 4, 1961, and neither had the requisite two-thirds of the qualified electors residing within the area signed the subsequent amended petitions. This plea was separately heard by the court below as was proper under the authority of Mississippi Code Annotated section 1290 (1942), the City of Biloxi accepting thereby the burden of proof as to the matters set forth in such plea.

The issues to be determined here are: (1) Whether the petition could be amended after filing to include additional petitioners. (2) Whether the lower court was manifestly in error in adjudicating that two-thirds of

the qualified electors residing in the area sought to be incorporated had not signed the petition as required by section 3374-03(3).

■■ ■ In considering the first question, we find section 3374-03 requires, ''Whenever the inhabitants of any unincorporated territory shall desire to incorporate such territory as a city or town, they shall prepare a petition and file the same in the chancery court of the county in which such territory is located . . . Said petition shall meet the following requirements: (3) It shall be signed by at least two-thirds of the qualified electors residing in the territory proposed to be incorporated.'' This section is explicit in its terms in that the statutory requirements must be fulfilled at the time the same is filed. In McQuillin, Municipal Corporations, sec. 3.24 (3d ed. 1949), the rule is set forth as follows: ''The right to enjoy and exercise the franchise of a municipal corporation depends upon a compliance with the provisions of the statute which authorize its organization, and failure to observe mandatory provisions of a fundamental and jurisdictional nature will render the attempted incorporation void,'' and in sec. 3.26 thereof, the following: ''The petition must recite the existence of the conditions specified by statute to authorize incorporation, and those required by statute to be included in the petition for incorporation.'' See also Coleman v. Board of Supervisors of Choctaw County, 216 Miss. 867, 63 So. 2d 533, and In the Matter of the Validation of $30,-000 Road and Bridge Bonds of 1960, Supervisor's District #3, Neshoba County, Mississippi, 242 Miss. 125, 133 So. 2d 267. We are of the opinion and so hold that once the petition is filed, amendments thereafter cannot be made to include the names of additional petitioners.

■■ ■ The second and essential question for determination is whether there was competent evidence to support the court below in its conclusion that two-thirds of the qualified electors residing in the area proposed

to be incorporated had not signed the original petition of March 4, 1961. The appellant contends the introduction en masse of the poll books of Beauvoir and Handsboro voting precincts, the registration books appertaining to both precincts, the official list of poll tax payers for the years involved certified by the sheriff and tax collector of the county, the poll tax exemption book and the service exemption certificate receipts are not the best evidence as to who were the qualified electors residing in the area. The introduction en masse of voluminous records, certificates, receipts, etc. would amount to no proof at all in the absence of specific reference to the volume and page or receipt by specific designation, as it is not the duty of the trial court or this court to search through volumes of such papers seeking that which should have been ascertained as a necessary adjunct to the filing of pleadings and the normal expedition of the trial of a cause. However, the respondent introduced a witness, an attorney familiar with the records of Harrison County, who had studied the official records thereof appropriate to the subject matter, and from these records, which were introduced into evidence and were available to counsel opposite, as was the witness for cross-examination, testified from his personal observation and study of these records, which included a comparison of the names of the original petitioners with the names of the qualified electors residing in the area as reflected by the official records, and from such comparison and study there were only 449 qualified electors residing within the area sought to be incorporated who had signed the petition, whereas there were 888 qualified electors residing in the area, thus signifying that less than two-thirds of the 888 qualified persons had in fact signed the petition as of March 4, 1961, the filing date. In Crawford v. State, 162 Miss. 158, 162, 138 So. 589, 590, we find the rule announced in regard to the introduction of voluminous records as follows: "It

appears that a considerable volume of bank books and bank papers were introduced in evidence. These books and papers have been forwarded to the clerk of this court under an order of the trial judge. The said books and papers fill a box of some size. The point to which we address this opinion is thus reached and it is, whether a mass of books and papers may be introduced before a jury and without any tabulated computations drawn out by a competent person acquainted with books of that character and verified, as a witness, by the person making the tabulations and computations, the jury may be required to make the necessary tabulations and computations; and upon a general verdict, whether it must be assumed by this court that the jury did make the tabulations and computations mentioned; and finally, upon a review of the record, whether we shall be required here to take a box of books and papers and ourselves make the tabulations and computations required in order to discover whether the said books and papers cover and verify the affirmative facts necessary to be shown in support of the verdict.

"We answer the above inquiries in the negative and say that, when the course taken in the trial is no more definite than that indicated in the foregoing paragraph, the procedure amounts to no proof at all, whatever the books and papers might have shown had their contents been placed before the court and jury in a concrete and definite manner.

"An elemental requirement in the production of evidence is that it shall be intelligible to the triers of the facts and to the person being tried; and the further requirement is that it shall be definite and that the right of cross-examination shall be preserved. Moreover, the production must be in such a state of preparation as to expedite the trial and prevent trespasses upon the time of courts and juries. It follows, therefore, that, when intricate accounts and voluminous business records

are to be inquired into and the facts upon particular issues said to be disclosed by said records are to be adduced in proof, it must be done by way of the previous preparation, by a competent person, of definite and pertinent schedules, tabulations, or other suitable and practical compilations, and the person who has made the compilations must be introduced as a witness, so that the records in evidence may be explained and the pertinent parts thereof definitely and cogently pointed out, and so that cross-examination may be permitted to search into the soundness of the compilations or schedules and of the conclusions sought to be established. In the absence of a reasonable compliance with the foregoing requirements, a pile of books of account will prove no more in law than, as a practical matter, they have disclosed in a concrete and definite form to the minds of those who are to determine the issue or issues, and this, save in rare cases, could reasonably be, in actual and dependable substance, but little more than nothing.'' See also Chas. Weaver & Co., Inc. v. Phares, 185 Miss. 244, 188 So. 12, and Gulf M. & O. R. Co. v. Luter Motor Express, 190 Miss. 523, 1 So. 2d 231. The requirements essential to the introduction of this evidence as outlined by the above cases were met by the respondent. ▆▆ ▆ The testimony of the attorney who made the study of the official records of Harrison County, Mississippi, required by statute to be kept by the public officials, was competent. ▆▆ ▆ It follows that the lower court had ample evidence upon which to base its decree. We hold, therefore, that the order of the lower court sustaining the motion of the City of Biloxi to dismiss the petition for lack of jurisdiction was proper.

Affirmed.

*Lee, C. J., and Ethridge, Rodgers and Jones, JJ.,* concur.