ETHRIDGE, Chief Justice:
This case involves the question of whether a petition by qualified electors for incorporation of a new municipality complies with the statutory requirements. Holding that it does not, we reverse the decree of the Chancery Court of Rankin County overruling the plea to jurisdiction made by the City of Jackson and other objectors, and dismiss the petition.
The controlling statutory requirements for incorporation of an unincorporated territory are set forth in Mississippi Code 1942 Annotated, section 3374-03 (1956):
Whenever the inhabitants of any unincorporated territory shall desire to incorporate such territory as a city or town, they shall prepare a petition and file same in the chancery court of the county in which such territory is located or, if the territory is located in more than one county, the chancery court of either county. Said petition shall meet the following requirements:
(1) It shall describe accurately the metes and bounds of the territory proposed to be incorporated and there shall be attached to such petition a map or plat of the boundaries of the proposed municipality.
(2) It shall set forth the corporate name which is desired.
*361 (3) It shall be signed by at least two-thirds of the qualified electors residing in the territory proposed to be incorporated.
(4) It shall set forth the number of inhabitants of such territory.
(5) It shall set forth the assessed valuation of the real property in such territory according to the latest available assessments thereof.
(6) It shall state the aims of the petitioners in seeking said incorporation, and shall set forth the municipal and public services which said municipal corporation proposes to render and the reasons why the public convenience and necessity would be served by the creation of such municipal corporation.
(7) It shall contain a statement of the names of the persons the petitioners desire appointed as officers of such municipality.
(8) It shall be sworn to by one or more of the petitioners.
When such petition shall be filed, it shall be docketed as are other suits and causes in the chancery courts of this state.
The petition for incorporation of the City of Pearl was filed on March 12, 1970. It was sworn to by L. D. Boling and John Mohr, as permitted by code section 3374-03 (8). This will be called the extended petition, in order to distinguish it from the shorter form hereinafter described. The extended petition contained the allegations required by statute, including a metes and bounds description of the territory proposed to be incorporated and a map of its boundaries. This map was dated March 12, 1970. This extended petition further undertook to incorporate 378 considerably shorter petitions signed by an alleged two-thirds of the 3,735 qualified electors in the territory.
These shorter petitions consisted of 378 documents, each of which was in identical language. They were signed by numerous citizens, with name, address and date of signature. The signatures are dated as early as March 1969 up through the time of filing of the petition, March 12, 1970. These shorter petitions are the ones which we hold fail to comply with the requirements of code section 3374-03. Each of them contained toward the top one-third of the page the following:
STATE OF MISSISSIPPI COUNTY OF RANKIN
WE, THE UNDERSIGNED QUALIFIED ELECTORS, residing in the territory sought to be incorporated as Pearl, Mississippi, and described in the petition for incorporation, do hereby join as petitioners and agree to support the incorporation of said territory into a municipality ; believing that by so incorporating we can secure for the inhabitants for the described territory many benefits of which we are now deprived, such as adequate fire and police protection and improved and adequate public school systems, recreational facilities for our youth.
A petition may be circulated in several identical parts or identical copies in order to obtain the necessary signatures. 42 Am.Jur.2d, Initiative and Referendum § 27 (1969). Collins v. Barrier, 64 Miss. 21, 8 So. 164 (1886), held that several identical copies of petitions may be circulated for convenience in obtaining the requisite number of electors, but the petitions so circulated must be duplicates and cannot differ materially from each other.
However, the extended petition, which complies with the statute, contains the signature of only two qualified electors. The other attached 378 identical documents (the shorter petition) on their face do not comply with the mandatory requirements of code section 3374-03. The shorter petition does not describe the metes and bounds of the territory or have attached a map of its boundaries. It does not set forth the number of inhabitants of the territory *362 or the assessed valuation of the real property. It does not state the names of persons who petitioners desire to be appointed as temporary officers of the municipality, and in fact, it does not state with reasonable definiteness the aims of the petitioners in seeking the incorporation, the municipal and public services proposed to be rendered, and reasons of public convenience and necessity. The extended, required petition is not signed by two-thirds of the qualified electors.
The legislature could have reasonably decided, when enacting this statute, that persons signing a petition for incorporation should know what specific territory is to be included, should be able to examine a map of its boundaries, and should know the number of inhabitants, the assessed valuation of real property in the proposed new city, and the purposes in seeking such incorporation. In the absence of such specific statements in a petition, an elector might be misled, either intentionally or unintentionally, by those promoting the new incorporation. At any rate, there are ample reasons to justify these legislative requirements. Moreover, the privilege of incorporating a municipality can be granted only by the Legislature, and, of course, the Legislature may put such restrictions on that privilege as it thinks proper.
In summary, the shorter petitions signed by practically all of the asserted petitioners failed to comply with the statute. Code section 3374-03 reflects that each of the qualified electors petitioning to incorporate a new territory must sign a petition containing the identical form and contents of the others signed. The statute states that those desiring incorporation shall prepare “a petition and file same” in the chancery court. “Said petition” must meet the stated requirements. Subsection (1) then states “It” shall describe the boundaries, and attached to “such petition” must be a map. Subsections (2)-(8) then carry forward this reference to the above petition by referring back to the petition filed in chancery court. The conclusion is inescapable that the petition which is filed in the chancery court, or an exact copy thereof, must be the petition which is signed by two-thirds of the qualified electors residing in the territory proposed to be incorporated.
Apparently an extended petition and shorter petitions were filed with the chancery court in Bridges v. City of Biloxi, 250 Miss. 717, 168 So.2d 40 (1964), but the Court in that case did not consider this particular issue. The chancellor’s action in sustaining the objectors’ motion to dismiss the petition for lack of jurisdiction was affirmed on appeal. The basis of the dismissal was that once a petition is filed for incorporation of an area, it cannot be amended to include names of additional petitioners, as was done in Bridges. Bridges further held that Code section 3374-03 “is explicit in its terms and * * * the statutory requirements must be fulfilled at the time * * * (the petition) is filed.” See also 1 McQuillan, Municipal Corporations §§ 3.24-3.34 (3d ed. 1949).
Reversed and judgment rendered here dismissing petition for incorporation.
RODGERS, BRADY, INZER and ROBERTSON, JJ., concur.