336 So.2d 209 (1976)
Doyle V. MYRICK
v.
INCORPORATION OF A DESIGNATED AREA INTO A MUNICIPAL CORPORATION TO BE NAMED STRINGER.
No. 48802.
Supreme Court of Mississippi.
August 10, 1976.
Tom Roberts, Bay Springs, for appellant.
*210 Oates & Houston, Bay Springs, for appellee.
Before INZER, P.J., and SUGG and LEE, JJ.
INZER, Presiding Justice, for the Court:
This is an appeal by Doyle V. Myrick from a decree of the Chancery Court of Jasper County granting a petition to incorporate the community of Stringer. It involves the question of whether the requirements relative to notice as provided in Section 21-1-15, Mississippi Code 1972 Annotated, are mandatory and jurisdictional. Holding that such provisions are mandatory and jurisdictional and the failure to comply with the requirements of said section can be raised for the first time in this Court, we reverse and dismiss the petition for incorporation.
The privilege of incorporation of a municipality can be granted only by the legislature and the procedure must be strictly complied with which grants to the chancery court the duty to determine whether public convenience and necessity will be served by the proposed incorporation. City of Jackson v. Boling, 241 So.2d 359 (Miss. 1970); Bridges v. City of Biloxi, 250 Miss. 717, 168 So.2d 40 (1964).
On December 16, 1974, the proponents of the incorporation of Stringer filed four identical petitions signed by a total of 190 persons describing the area to be incorporated, alleging that 404 inhabitants resided in this territory and the assessed valuation of the real estate in the area was $107,587. Petitioners also averred that their aim in seeking incorporation was the betterment of public service to be rendered to the inhabitants of the territory, particularly by providing fire and police protection which was at the present time not adequate. The petition as filed met the requirements of Section 21-1-13, Mississippi Code 1972 Annotated, and the chancellor set the cause for hearing on January 28, 1975. Prior to the date of the hearing a number of the inhabitants of the area sought to be incorporated filed objections, and among other things questioned the jurisdiction of the court alleging that the petition was not signed by two-thirds of the qualified electors residing in the territory proposed to be incorporated.
The burden of proof was upon the petitioners to show that they had met the statutory requirements to give the court jurisdiction to hear their petition. Section 21-1-15, Mississippi Code 1972 Annotated, provides in part as follows:
The said notice shall be given by publication thereof in some newspaper published or having a general circulation in the territory proposed to be incorporated once each week for three consecutive weeks, and by posting a copy of such notice in three or more public places in such territory. The first publication of such notice and the posted notice shall be made at least thirty days prior to the day fixed for the hearing of said petition, and such notice shall contain a full description of the territory proposed to be incorporated... .
The notice required by this statute is in lieu of personal service and it is well settled that a statute providing for notice in lieu of personal service must be strictly complied with and where the statute requires the posting of notices, the notices must be so posted and the record must show that they were posted as required by the statute. Langstaff v. Town of Durant, 122 Miss. 471, 84 So. 459 (1920).
The record in this case shows that the notice was published as required in a newspaper, but does not show that copies of the notice were posted as required by statute. Section 13-1-145, Mississippi Code 1972 Annotated, provides as follows:
The posting of any notice required by law or the order of any court may be proved by filing a copy of the notice, with an affidavit of posting, in the court in which the proceeding was had in which the notice was required. Such affidavit shall be competent evidence in all courts, and shall be prima facie evidence of what it states.
*211 No affidavit was filed as provided for in this section and no attempt was otherwise made to prove that the notices were posted as required by statute. Consequently, the finding of the chancellor that proper notice was given as required by statute is not supported by the proof.
Appellees contend that appellant is estopped from raising the question relative to notice because he failed specifically to raise this question in the trial court. This contention is not well taken for the reason that in the absence of proper notice, the trial court was without jurisdiction to order an incorporation, the decree doing so is void, and the question may be raised for the first time on appeal in this Court. McDaniel Brothers Construction Co., Inc. v. Jordy, 254 Miss. 839, 183 So.2d 501 (1966); Khoury v. Saik, 203 Miss. 155, 33 So.2d 616 (1947); and Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878 (1931).
It also appears from the record that thirty-one of the qualified electors who signed the petition for incorporation filed a petition asking that their names be withdrawn or deleted from the petition. In holding that the petition was signed by two-thirds of the electors, the chancellor did not consider the fact that these thirty-one people desired to have their names withdrawn from the petition. It is a general rule that one can withdraw from a petition at any time prior to the determination of the hearing. In Allison v. Camp Creek Drainage District, 211 Miss. 354, 51 So.2d 743 (1951), we held that a signer of a petition could withdraw on the return date. The legislature in its wisdom provided that two-thirds of the qualified electors of the territory sought to be incorporated must favor the incorporation before it can be incorporated. We held in Bridges v. City of Biloxi, supra, that provisions of the petition that it be signed by at least two-thirds of the qualified electors was mandatory, it must be fulfilled at the time the petition was filed and if the petition was not signed by two-thirds of the qualified electors at the time it was filed, it could not thereafter be amended to include the names of additional petitioners. Appellees contend that if the petitions were signed by two-thirds of the qualified electors at the time it was filed, the court had jurisdiction and none of the signers could thereafter withdraw from the petition so as to deny the court jurisdiction. With this contention we do not agree. It is our opinion that the legislature did not intend for a municipality to be created unless at least two-thirds of the qualified electors were in favor of its creation. The individual signers of the petition had a right to apply their best judgment and mature consideration to the matter and after such consideration had a right to advise the court that they had changed their opinion and no longer favored the incorporation. We hold that the chancellor should have, in making his determination as to whether there were two-thirds of the qualified electors as required by the statute, considered the fact that thirty-one of the original signers of the original petition had requested that their names be withdrawn from the petition.
For the reasons stated, we hold that the trial court was without jurisdiction to enter the decree appealed from and the same is void. For that reason the case is reversed and the petition dismissed.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.