WALLER, Chief Justice, for the Court:
¶ 1. Catherine Babb, Beth King, and Robert King (“Petitioners”) filed a Petition for Inclusion of certain real property into Oxford, Mississippi, pursuant to Mississippi Code Sections 21-1-45 to 47. This property is scheduled to become Baptist Memorial Hospital-North Mississippi, Inc. (BMH), a new, multi-million-dollar medical facility. Kenneth Farrell and others (“Objectors”) filed an objection to the Petition. The Chancery Court of Lafayette County found the Petitioners met the statutory requirements for inclusion and approved the Petition. The Objectors appealed. We affirm the judgment of the Lafayette County Chancery Court.

FACTS AND PROCEDURAL HISTORY

¶ 2. The first Petition for inclusion was filed on February 7, 2012, by Catherine Babb, Beth King, and Robert King.[1] The Kings owned the 160 acres that were the subject of this petition, referred to as the “proposed inclusion area,” hereafter the “PIA.” In the Petition, Babb alleged she was the sole qualified elector residing in the PIA and therefore, she fulfilled the two-thirds-elector requirement of Mississippi Code Section 21-1-45.[2] The petition subsequently was joined by individuals who had an ownership interest in the PIA. The City of Oxford filed a response to the Petition, stating it had no objection to the Petitioners’ request that the PIA be included within Oxford’s municipal limits.
¶ 3. The Petitioners filed a “Prehearing Memorandum Brief’ in which they alleged Babb leased an acre within the PIA, moved into a home within the PIA before filing the Petition; she was the only person living within the entire PIA at the time and was registered to vote at that address. The Objectors filed an objection to the Petition and entered an appearance the day of the hearing.[3] At the hearing, the Petitioners questioned the standing of some of the Objectors to challenge the Petition. The chancellor granted a continuance for the parties to conduct discovery and set trial for a later date.
¶ 4. In their responses to discovery, the Objectors argued that- a single qualified *403 elector’s use of the inclusion statute to annex an area was a misuse of the provision; that the proposed inclusion was not “required by the public convenience and necessity,” and this action was merely “an attempt to divert development from other more desirable sites within the existing City of Oxford.” It became clear what the PIA was going to be used for when BMH entered an appearance in the case, stating it had reached an agreement with the City of Oxford to construct a new hospital and already had “acquired a significant portion” of the PIA.
¶ 5. On June 4, 2012, Petitioners filed an “Unopposed Motion for Leave to Amend their Inclusion Petition” to clarify the description of the PIA. The motion was granted and another trial date was set, however; the Objectors’ attorney, Jerry Mills, suffered a stroke and a continuance was granted.
¶ 6. At trial, the chancellor heard testimony from Oxford Mayor Pat Patterson, Alderman Janice Antonow, civil-engineering and public-utilities expert Bart Robinson, BMH Chief Financial Officer Dana Williams, urban-planning expert Mike Slaughter, Oxford Police Chief Mike Martin, Oxford Fire Chief Cary Sallis, and Petitioners Robert King and Catherine Babb.[4] Babb testified that she was a nineteen-year-old student, registered to vote in Lafayette County, and that there was only one house within the PIA. She testified, that on February 6, 2012, she signed a lease, moved into the house, changed her voter registration to that address, and signed the Petition for Inclusion.[5] She stated she moved into this house because her family asked her to and she wanted to be on her own. The home was owned by Robert King, a relative of Babbs, who joined the Petition as a landowner in the PIA. She further testified that she signed the Amended Petition for inclusion on July 16, 2012, while still living in the house.
¶ 7. However, she also testified that she did not live on the property at the time of trial; that she had signed a lease on a new house July 18, 2012, and moved out of the PIA in August 2012. While she lived in the PIA, Babb testified that the utilities remained in King’s name but she had signed what she thought was a year lease. She also stated that she did not spend much time in the house in July 2012. King testified that he sold the land in question to BMH sometime in May 2012, but Babb continued to reside on the property thereafter and was never forced to leave. He further testified that Babb had signed a lease and her mother had made a couple of payments.
¶ 8. The chancellor ultimately issued an Opinion and a Decree granting the Petition for Inclusion, finding the inclusion request was required by public convenience and necessity and was reasonable under the totality of the circumstances. Importantly, the chancellor found that Babb was the “sole qualified elector” residing in the PIA when the Petition and Amended Petition were filed, and that the two-thirds requirement of Section 21-1-45 is determined by looking at the persons in the PIA at the time of filing.
¶ 9. The Objectors attempted to limit the questions on appeal to: whether their motion for a continuance due to Mills’s health should have been granted and whether the trial court had jurisdiction to hear the matter on the day of trial “when undisputed testimony showed that the PIA *404 was uninhabited.”[6] The Objectors limited their record designations to Babb’s testimony, the legal argument on the motion for a continuance, and a limited number of pleadings. The Petitioners filed a supplemental designation, in which they included the entire record from the trial, including all exhibits admitted into evidence, the entire trial transcript, transcripts of other hearings, and other pleadings.
¶ 10. The Objectors filed a “Motion to Strike, or Alternatively, Application for Order Requiring Appellee’s Payment for Supplemental Record,” arguing the cost increase of the supplemented record designation was substantial and the supplemental documents were not relevant to their issues on appeal. The chancellor denied this motion. The Objectors filed an amended statement of the issues on appeal, raising the following issues:[7]
I. Whether the Petitioners complied with the statutory jurisdictional requirements of Mississippi Code Section 21-1-45; specifically, whether the qualified-elector requirement is met at the time of filing the petition or the time of trial.
II. Whether the trial court erred in denying the Objectors’ Motion to Strike or order Petitioners to pay for the supplemental record.

DISCUSSION

¶ 11. The Objectors raise two issues on appeal which call for differing standards of review. This Court reviews a chancellor’s findings as to whether a petition for inclusion is legally sufficient under a manifest-error standard. See In re Enlargement of Boundaries of City of Southaven, 5 So.3d 375, 376 (Miss.2009). The denial of a motion to strike or order to pay for the supplemental record is reviewed for abuse of discretion. See Schmidt v. Catholic Diocese of Biloxi, 18 So.3d 814, 832 (Miss.2009).
I. Whether the Petitioners complied with the statutory jurisdictional requirements of Mississippi Code Section 21-1-45; specifically, whether the qualified-elector requirement is met at the time of filing the petition or the time of trial.
¶ 12. The applicable statute requires that a petition for inclusion be signed by two-thirds of the “qualified electors residing in” a PIA; however, it does not state whether this requirement is met at the time of filing the petition or at trial. Mississippi Code Section 21-1-45 states in pertinent part:
The qualified electors of any territory contiguous to and adjoining any existing municipality and the qualified electors of any territory which is a part of an existing municipality, may be included in or excluded from such municipality, as the case may be, in the manner hereinafter provided. Whenever the inhabitants of any incorporated[8] territory adjacent to any municipality shall desire to be included therein, and whenever the inhabitants of any territory which is a part of an existing municipality shall desire to be excluded therefrom, they shall prepare a petition and file same in the chancery court of the county in which such municipality is located, which said petition shall be signed by at least two- *405 thirds of the qualified electors residing in the territory proposed to be included in or excluded from such municipality. Said petition shall describe accurately the metes and bounds of the territory proposed to be included in or excluded from such municipality, shall set forth the reasons why the public convenience and necessity would be served by such territory being included in or excluded from such municipality, as the case may be, and shall be sworn to by one or more of the petitioners. In all cases, there shall be attached to such petition a plat of the municipal boundaries as same will exist in the event the territory in question is included in or excluded from such municipality.
Miss.Code Ann. § 21-1-45 (Rev.2007) (emphasis added). The Objectors initially argue that “the statute clearly contemplates the inclusion procedure as being available only to inhabitants” of a PIA. They also argue that this Court’s application of Myrick v. Incorporation of a Designated Area into a Municipal Corporation to be Named Stringer, 336 So.2d 209 (Miss.1976), to the facts “is likely determinative in this case.”
¶ 13. In Myrick, the lower court granted the petition of a group of residents in a defined area to incorporate the community of Stringer.[9] Myrick, 336 So.2d at 210. Before a trial on the matter, thirty-one of the qualified electors filed a petition asking for their names to be removed from the original petition. Id. at 211. In finding the petition was signed by two-thirds of the qualified electors, the chancellor did not consider that thirty-one people wanted their names withdrawn from the petition. Id. This Court reversed and held that, in making a determination as to whether the two-thirds requirement was met, the chancellor should have “considered the fact that thirty-one of the original signers of the original petition had requested that their names be withdrawn from the petition.” Id.
¶ 14. Citing Bridges v. City of Biloxi, the Court noted that the provision requiring the signature of two-thirds of the qualified electors was mandatory, it must be completed at the time of filing, and the petition “could not thereafter be amended to include the names of additional petitioners.” Id. (citing Bridges, 250 Miss. 717, 168 So.2d 40, 41 (1964)). The Court reasoned that “the legislature did not intend to for a municipality to be created unless at least two-thirds of the qualified electors were in favor of its creation.” Myrick, 336 So.2d at 211. Therefore, the Court found that the signers of the petition had a right to change their minds; the appellees were incorrect in arguing that, once the petition was filed, no person could withdraw his or her name to divest the court of jurisdiction; and that thirty-one signers had asked to be removed from the petition was a fact the chancellor should have taken into consideration. Id.
¶ 15. The Objectors argue that Myrick makes it clear that, when enough petitioners asked for their names to be removed so as to defeat the two-thirds requirement, “the court was without jurisdiction to enter the decree.” The Objectors view Myrick as standing for the proposition that a trial court “must retain jurisdiction up through the day of trial” and that “jurisdiction can be defeated after filing.” Therefore, because Babb moved from the PIA five months after moving there and prior to trial, the area was uninhabited and the *406 trial court did not have jurisdiction over the matter. Further, the Objectors would find that this factual scenario meant Babb did not have standing to pursue the claim at the time of trial; thus, “this matter is now moot.”
¶ 16. The chancellor found that this case was distinguishable from Myrick, in that “no petitioner [] advised this court that they no longer favored the inclusion or that they wanted to withdraw their name from the petition.” The chancellor found that “the question of whether an inclusion petition satisfies the ‘two-thirds’ signature requirement ... must be determined by looking at the number of persons living in the PIA at the time the Inclusion Petition was filed who are registered voters in the PIA, and then determining whether two thirds of that number have signed the petition.” See Fletcher v. Diamondhead Incorporators, 77 So.3d 92, 96-97 (Miss.2011); In re City of Ridgeland, 494 So.2d 348, 352 (Miss.1986). Thus, the chancellor adopted the Petitioners’ argument that the Objectors’ reliance on Myrick for anything contradicting City of Ridgeland and Fletcher was without merit.
¶ 17. In City of Ridgeland, this Court interpreted that Section 21-1-45 “two-thirds requirement” in a situation in which a group of residents in an unincorporated area, adjacent to both Ridgeland and Jackson, petitioned to be included into the City of Ridgeland. City of Ridgeland, 494 So.2d at 348. This Court held that “the question of whether the two-thirds requirement of Section 21-1-45 has been met must be determined by an ascertainment of the number of persons living in the area to be annexed who on [the date of filing], were registered voters in Madison County, Mississippi, and then determining whether two-thirds of that number have signed the complaint.” Id. at 352.
¶ 18. We find the date of filing is the proper date to determine whether the two-thirds requirement is met. The chancellor found that the Objectors’ construction of Myrick “would require this Court to take a quantum leap from the Supreme Court’s actual holding in that case.” Indeed, several cases support the conclusion that the time of filing should be the date for determining whether the two-thirds requirement of the statute is met. See Fletcher, 77 So.3d at 96-97 (citing City of Ridgeland for the proposition that the two thirds requirement is ascertained by calculating the number of persons in the PIA who signed the petition on the date it was filed); In re Exclusion of Certain Territory from City of Jackson, 698 So.2d 490, 491 (Miss.1997); City of Jackson v. Boling, 241 So.2d 359, 362 (Miss.1970) (“statutory requirements must be fulfilled at the time ... [the petition] is filed.”); Bridges v. City of Biloxi, 250 Miss. 717, 168 So.2d 40, 41 (1964) (“statutory requirements must be fulfilled at the time the same is filed”) superceded by rule as stated in City of Jackson v. Byram Incorporators, 16 So.3d 662, 671-73 (Miss.2009).
¶ 19. We also disagree with the Objectors’ interpretation of Myrick. In Myrick, thirty-one of the original petitioners specifically asked that their names be withdrawn from the petition because they no longer favored incorporation. Myrick, 336 So.2d at 211. This Court found that the Myrick petitioners had a right to advise the court that “they had changed their opinion and no longer favored incorporation,” and this was a fact that the chancellor should have considered in making his determination. Id. Unlike the petitioners in Myrick, Babb never withdrew her name from either Petition and testified that she wanted the property included within the City of Oxford. We find that this Court’s precedent supports the conclusion that the Petitioners met the two-thirds requirement of Section 21-1-45 at the time they filed the Original and Amended Petitions for Inclusion. See Fletcher, 77 So.3d at 96-97; *407 City of Ridgeland, 494 So.2d at 348; In re Exclusion of Certain Territory from City of Jackson, 698 So.2d at 491; Boling, 241 So.2d at 362; Bridges, 168 So.2d at 41. Therefore, we affirm the judgment of the chancellor as to this issue.
II. Whether the trial court erred in denying the Objectors’ motion to strike or order Petitioners to pay for the supplemental record.
¶ 20. Mississippi Rule of Appellate Procedure 10 requires the appellant to designate the portion of the record he or she finds relevant and necessary and, if the appellee feels additional portions of the record should be included, he or she may designate those. Miss. R.App. P. 10. After reviewing the record designations and arguments of the parties, we find the chancellor did not abuse his discretion in denying the Objectors’ motion to strike or order Petitioners to pay for the supplemental record. See Robertson v. Chateau Legrand Prop. Owners’ Assoc., Inc., 39 So.3d 931, 942-43 (Miss.Ct.App.2009).

CONCLUSION

¶ 21. Because Babb was the only qualified elector residing -within the PIA at the time both Petitions were filed, the chancellor was correct in finding the two-thirds requirement for qualified electors of any area adjacent to an existing municipality to file a petition for inclusion, as set out in Mississippi Code Section 21-1-45, was met. Therefore, we affirm the judgment of the Lafayette County Chancery Court.
¶ 22. AFFIRMED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. Later, the Petitioners filed a motion to amend their Petition to clarify the legal description of the proposed inclusion area, which was unopposed. The Amended Petition was filed on July 17, 2012.

. Mississippi Code Section 21-1-45 requires that a petition for inclusion be signed by two-thirds of the qualified electors residing in the area proposed to be included into a contiguous municipality. See infra Miss.Code Ann. § 21-1-45 (Rev.2007). Although the petition included the other requirements set forth in the statute, the Objectors challenge only the two-thirds-elector requirement. Further, the Objectors agreed by pre trial order to the adequacy of notice and other jurisdictional elements regarding the Petition.

.Nine objectors entered an appearance in the matter; however, all but three withdrew their objections prior to the time of trial on the matter. The three remaining objectors were Kenneth F. Farrell, James Morris, and Terry Joe Blount.

. Each person generally testified to the reasonableness and necessity of including the PIA within the city limits.

. The first Petition was filed the next day.

. At oral argument, counsel for the Objectors stated that he was withdrawing the issue regarding whether the chancellor had erred in denying their Motion for Continuance.

. See supra note 6.

.See In re City of Ridgeland, 494 So.2d 348, 349 (Miss. 1986) (interpreting Mississippi Code Section 21-1-45 to afford the right to seek inclusion to persons in unincorporated territory adjacent to an existing municipality).

. The statute allowing residents to petition for incorporation is similar to the statute regarding petitions for inclusion, in that both require the signatures of two-thirds of the qualified electors in the territory proposed to be incorporated/included. See Miss.Code Ann. § 21-1-13(3) (Rev.2007).