SMITH, Justice:
ON MOTIONS FOR LEAVE TO APPEAR AMICUS CURIAE
On February 25, 1971, without an opinion, an order was entered per curiam overruling a motion of the City of Jackson to docket and dismiss the appeal of Sperry Rand Corporation and James F. Pigott, d/b/a Manufacturers Wholesale Warehouse Service.
In overruling the motion, this Court considered the language actually employed in the statute to be controlling. The statute (Mississippi Code 1942 Annotated section 3374-08) grants the right of appeal “to any person interested in or aggrieved by the decree of the chancellor, and who was a party to the proceedings in the chancery court. * * * ” The right is not limited to those parties.who actively participated in the proceedings in that court. The interpolation of “who participated” or “who appeared” or words of similar restrictive import, was not considered to be justified. *575 To fulfill the requirements of due process, the statute provides for publication of notice to all owners of property within the area proposed to be annexed. The statutory notice having been given, appellants and others within that classification, became “parties to the proceedings” in the chancery court. This status continued through final decree, which became conclusive and binding upon appellants and will so remain until and unless reversed or modified on appeal.
Their property rights having been adjudicated and the decree being res judicata as to them, appellants have perfected an appeal to this Court within the time and in the manner permitted by statute. This appeal they are entitled to prosecute. As in other cases of appeal, it will be limited to the record as made. No inference of any kind whatever is to be drawn from this ruling as to what limitations, if any, there may or may not be as to grounds for reversal available for assignment by appellants.
Motions on file by other parties for leave to appear and file briefs as amicus curiae are denied.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.
PATTERSON, J., GILLESPIE, P. J., and ROBERTSON, J., dissent.
ETHRIDGE, C. J., took no part.