INZER, Justice:
This appeal involves the validity of the decree of the Chancery Court of the First Judicial District of Hinds County approving, ratifying, and confirming, as modified, an ordinance of the City of Jackson expanding its city limits.
The record reflects that on September 15, 1970, the city council of the City of Jackson legally adopted an ordinance enlarging its city limits by an extension of its northern boundary to the northern line of Hinds County. In compliance with the statute, the city filed a petition in the chancery court seeking to have the ordinance ratified, approved and confirmed. The chancery court entered an order setting a date for the hearing, and notice was duly given as required by statute. Thereafter several land owners filed objections to the inclusion of their property in the extension.
A hearing was had on December 18, 1970, and the court entered a decree ratifying, approving, and confirming the ordinance as modified. The city agreed that the property owned by the objectors and some other property should be eliminated from the ordinance.
Although the appellants filed no objections and did not take any part to the proceedings prior to the entry of the decree, they appealed from the decree as entered. After the appeal was perfected, the city filed a motion in this Court to dismiss the appeal because the appellants were not parties that participated in the proceedings in the chancery court. We overruled this motion holding that the appellants had the right to appeal, although they filed no objections and did not take part in the proceedings in the trial court. However, we pointed out that, as in other cases, the appeal would be limited to the record made at the trial court, and we made no decision as to the grounds for reversal which would be available to the appellants under these circumstances. Sperry Rand Corp. v. City of Jackson, 245 So.2d 574 (Miss.1971).
Appellants do not contend that the ordinance enacted by the city was void or that the city failed in any respect to comply with the law in the enactment of the ordinance. The only contention is that we should reverse the decree of the chancery court and remand this cause for another hearing to determine whether the ordinance was reasonable. Since the appellants did not participate in the proceedings in the trial court, consequently all questions now raised for reversal of this case are raised for the first time in this Court. It has long been a well-settled rule of law in this state that questions not raised in the trial court will not be considered by this Court on appeal. Under these circumstances, the scope of our review should be limited to questions involving the jurisdiction of the chancery court to enter the decree and whether on its face it is a valid decree. Therefore, we do not consider the sufficiency of the evidence to support the finding of the chancellor that the ordinance as modified was reasonable. However, we do note that the record does reflect that there was evidence to support this finding.
We find no merit in the contention of the appellants relative to the failure of the city clerk to actually sign her name to the certificate to the copy of the ordinance attached as an exhibit to the petition. In the first place, this question was not raised in the trial court, and furthermore, there is attached to the petition as an exhibit a copy of the ordinance which contained what appears to be a proper certificate of the city clerk. At the insistence of counsel for appellants, the chancery clerk inserted in the record a statement to the effect that the name of the city clerk was typewritten on the certificate and it was not signed by her. This statement by the clerk is not properly a part of the record and, of course, on appeal, we do not consider matters not properly a part of the record. The two foregoing propositions are so well settled that citations of authority would serve no useful purpose.
*812 The principal contention of appellants is that the decree shows upon its face that it was a consent decree insofar as the modification of the ordinance is concerned. It is urged that this amounted to an amendment of the ordinance by the city without a proper amendatory ordinance. Appellants also urge that counsel for the city could not consent to the withdrawal from the petition any area included in the ordinance without the official action of the city council.
We have carefully considered the decree and we are of the opinion that it is not a consent decree. The effect of the agreement between counsel for the city and counsel for the objectors was that the city agreed to a statement of facts; namely, that the facts set out in the objections by the various landowners as to why their property should not be included within the expansion were true, and that the city could not controvert them. The court had before it the ordinance, the map showing the property extension, and the objections; and the court, as it had a right to do, determined that the ordinance should be modified so as to eliminate this territory and other territory. The decree recites that the court heard testimony and found that the ordinance as modified by the court was reasonable. There is a distinction between a consent to a particular statement of facts and a consent decree. See Section 618, Griffith’s Mississippi Chancery Practice (2d ed. 1950).
We find no merit in the contention of the appellant that this case should be reversed because the city failed to comply with United States Voting Rights Act of 1965, which requires that before an ordinance extending city limits can become effective it be approved as required by Section 5 of the Act. The record in this case is silent as to whether the city has taken any action to have the ordinance approved as required by Section 5 of the Voting Rights Act of 1965. Our statute does not require the city to have its ordinance approved or confirmed by anyone other than the chancery court. What we are concerned with on this appeal is whether the city has complied with our law in the enactment of the ordinance extending the city limits; and we find that it has done so. In any event, as we understand what was said by the Supreme Court of the United States, in Perkins v. Matthews, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971), is that it holds that the city cannot enforce the ordinance until it has complied with Section 5 of the Voting Rights Act. It does not hold that this must be done before the ordinance extending the city limits is enacted or before it is ratified, confirmed and approved by the chancery court. A municipality has no way of knowing prior to the final adjudication by the chancery court or this Court if an appeal is had, whether an ordinance will become effective.
We have considered all the errors assigned and we find them to be either without merit, or of such nature that they should not be considered under the circumstances of this case, and we find no reversible error. For this reason, this case should be, and is affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and HARPER, JJ., concur.