441 So.2d 116 (1983)
Annie M. WILEY, et al.
v.
In the Matter of the Extension of CORPORATE BOUNDARIES OF the CITY of Iuka, Mississippi.
No. 53981.
Supreme Court of Mississippi.
November 30, 1983.
Ed W. Jenkins, Comer & Jenkins, Booneville, for appellants.
Harold S. Jackson, Richard O. Clark, Iuka, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
BROOM, Presiding Justice, for the Court:
Municipal annexation of adjacent territory is the gist of this case, appealed from the Chancery Court of Tishomingo County, the Honorable Fred P. Wright, Chancellor. Petitioner/appellee City of Iuka, a municipal corporation, initiated the annexation process by enacting an ordinance for the annexation. Subsequently the chancery court decreed the annexation, and on appeal the objectors/appellants contend that proper notice was not posted in the territory annexed as required by Mississippi Code Annotated § 21-1-15 (1972). We reverse.
Sole issue is: Does § 21-1-15, supra, require posting of notice of the proposed annexation in the territory sought to be annexed. Pertinent language of § 21-1-15 is, "The said notice shall be given ... by posting *117 a copy of such notice in three or more public places in such territory."
Here, because the notice was posted only within the already existing corporate boundaries of Iuka, and not within the territory sought to be annexed, appellant contends the chancery court lacked jurisdiction under § 21-1-15. Appellee, Iuka, contends that it gave proper notice "by publishing in the local newspaper and by posting the notice in three public places within the corporate boundaries of the City of Iuka". Iuka's view is that, in an annexation proceeding, the phrase "such territory" in § 21-1-15 does not mean within "the proposed territory to be annexed... ."
Iuka does not assert that it posted any notice in the territory which the chancellor decreed to be annexed. Argument of Iuka is that there are no public places located within the territory to be annexed other than the Iuka public school which was in vacation when the notices were posted. According to Iuka, it posted notices at the post office, courthouse, and city hall, which under its construction of the statute were sufficient notices without posting any notice within the geographical boundaries of the territory proposed to be annexed.
Clearly § 21-1-15 requires on its face that notice be posted in three or more public places within "such territory". Under our established case law, the notice requirement must be strictly complied with and the record must show "that they [notices] were posted as required by statute". Myrick v. Incorporation of a Designated Area into a Municipal Corporation to be Named Stringer, 336 So.2d 209 (Miss. 1976); Langstaff v. Town of Durant, 122 Miss. 471, 84 So. 459 (1920).
Pyle and Mockbee, Municipal Annexation in Mississippi, 45 Miss.L.J. 393 (1974), in discussing the notice requirement of municipal annexation states:
Once the date (for hearing) has been set, notice must be published once a week for three consecutive weeks in a newspaper having general circulation in the territory to be annexed, and be posted in three or more public places in such territory.

45 Miss.L.J. at 411 (emphasis added).
A public place for the posting of legal notices may best be buildings such as courthouses, post offices, and city halls, where there are such buildings existing within the territory where posting is necessary. However, where no such building is located within "such territory", other places may qualify as being public in nature: business places, utility poles by a highway, school yards or buildings, or even in restaurants or barber shops. Taylor v. State, 396 So.2d 39 (Miss. 1981); Kelley v. Yearwood, 204 Miss. 181, 37 So.2d 174 (1948); Nelson v. City of Natchez, 197 Miss. 26, 19 So.2d 747 (1944).
In the present case, no notice was posted anywhere within "such territory" proposed to be annexed as required by § 21-1-15. Therefore, the lower court should not have heard the matter, and reversal is required.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.