IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-AN-01677-SCT

*JAMES NORWOOD, KENNETH BEAL, ANNIE LOWERY, ROBERT BARNER, CHARLES OLLIE, J.W. HUDSON, JAMES MATTHEWS, T. J. JOHNSON AND FLOYD BAILEY*

*v.*

*IN THE MATTER OF THE EXTENSION OF THE BOUNDARIES OF THE CITY OF ITTA BENA, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/1999 |
| TRIAL JUDGE: | HON. JON M. BARNWELL |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | SOLOMAN C. OSBORNE |
| ATTORNEY FOR APPELLEE: | WILLIE JAMES PERKINS, SR. |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | REVERSED AND REMANDED - 06/28/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/19/2001 |

**BEFORE PITTMAN, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. This is an appeal from an order of the Leflore County Chancery Court approving the enlargement and extension of the boundaries of the City of Itta Bena. The petition for enlargement, together with the ordinance to extend the municipal boundaries, was filed on May 22, 1998, and that same day the chancery court set a public hearing for July 6, 1998. The public hearing was held, and "several persons of interest appeared and objected to Tract 'A' of the proposed annexed areas." No transcript was made of that first hearing.

¶2. On July 15, 1999, the city filed an amended petition which deleted Tract "A" from the proposed annexation area. On July 21, 1999, the chancellor entered an order scheduling another public hearing on August 23, 1999, concerning the amended petition, but no citizens attended the hearing in support of the enlargement or to voice objections. The hearing consisted of the chancellor asking two questions of the city's attorney,[1] then forthwith announcing that the relief requested by the city was granted. A transcript was made of that five minute hearing, but was not transcribed until more than a year later, on December 28, 2000.

¶3. On September 10, 1999, the chancellor's final judgment was entered, approving the enlargement of the City's boundaries. Aggrieved by the chancellor's decision, James Norwood, Kenneth Beal, Annie Lowery, Robert Barner, Charles Ollie, J. W. Hudson, James Matthews, T. J. Johnson and Floyd Bailey (hereafter the concerned citizens) filed their notice of appeal to this Court, raising the following two issues:

**I. WHETHER THE CITY FAILED TO PROVE THAT THE MANDATORY NOTICES REQUIRED BY MISSISSIPPI CODE ANNOTATED 1972, SECTIONS 21-1-15, AND 21-**

**1-31 WERE POSTED IN THE AREA TO BE ANNEXED AND THEREFORE THE LOWER COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT IT HAD JURISDICTION OVER THE PARTIES?**

**II. WHETHER FINAL JUDGMENT IS VOID BECAUSE LOWER COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT IT HAD JURISDICTION OVER THE PARTIES AND APPELLANTS CAN THEREFORE RAISE THIS ISSUE FOR THE FIRST TIME ON APPEAL?**

¶4. In its brief the City of Itta Bena raises the following issue:

**III. WHETHER APPELLANTS CAUSED A RECORD SUFFICIENT FOR REVIEW FOR POINTS RAISED IN THEIR BRIEF ON APPEAL?**

¶5. Because the chancellor's decision was not supported by substantial credible evidence, we reverse and remand for proper proceedings consistent with this opinion.

## FACTS

¶6. The city petitioned the Leflore County Chancery Court seeking to annex two tracts, Tract A and Tract B. The city published notice in the *Greenwood Commonwealth* newspaper.[2] The city also claims notices were posted in the proposed area to be annexed as required by law. The concerned citizens who filed this appeal live in Tract B. They did not appear at either of the two annexation hearings, and they did not file any objections prior to the final judgment of the chancery court approving the annexation. The concerned citizens claim they failed to object because they did not receive any notice. The day after they filed their notice of appeal to this Court, they submitted a petition to the chancery court containing signatures of numerous other residents expressing their desire to remain outside the city. The concerned citizens argue there is no proof that the notice was actually posted in the manner required by law. The only proof found in the record before this Court, relating to the posting of notice, is the response of the city's attorney[3] when asked by the chancellor: "has the notice been properly posted published? [sic]" to which the city attorney replied "Yes, sir." Nothing further was said about notice. The chancery court found that the city had fulfilled the statutory requirements for annexation and ruled in favor of the city, finding that the enlargement was reasonable.

## STANDARD OF REVIEW

¶7. We may reverse a chancellor's determination that an annexation is either reasonable or unreasonable only if that decision is manifestly erroneous or is unsupported by substantial credible evidence. *In re Enlargement & Extension of the Mun. Boundaries of the City of Biloxi*, 744 So. 2d 270, 277 (Miss. 1999) (citing *McElhaney v. City of Horn Lake*, 501 So. 2d 401, 403 (Miss. 1987); *In re Enlargement of the Boundaries of Yazoo City*, 452 So. 2d 837, 838 (Miss. 1984); *In re Extension of Boundaries of the City of Clinton*, 450 So. 2d 85, 89 (Miss. 1984). "Where there is conflicting, credible evidence, we defer to the findings below." *Bassett v. Town of Taylorsville*, 542 So. 2d 918, 921 (Miss. 1989). "Findings of fact made in the context of conflicting, credible evidence may not be disturbed unless this Court can say that from all the evidence that such findings are manifestly wrong, given the weight of the evidence." *Id.* "We only reverse where the Chancery Court has employed erroneous legal standards or where we are left with a firm and definite conviction that a mistake has been made." *Id.* (cited

in *City of Biloxi,* 744 So. 2d at 277).

## ANALYSIS

**I. WHETHER THE CITY FAILED TO PROVE THAT THE MANDATORY NOTICES REQUIRED BY MISSISSIPPI CODE ANNOTATED 1972, SECTIONS 21-1-15, AND 21-1-31 WERE POSTED IN THE AREA TO BE ANNEXED AND THEREFORE THE LOWER COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT IT HAD JURISDICTION OVER THE PARTIES?**

¶8. Resolution of the first issue requires determination not only of whether the city met the statutory requirements for notice but also, which party must carry the burden of proving the notice. The statutory requirements for notice of annexation hearings are found in Miss. Code Ann. § 21-1-31 (1990), as follows in pertinent part:

> Upon the filing of such petition and upon application therefor by the petitioner, the chancellor shall fix a date certain, either in term time or in vacation, when a hearing on said petition will be held, and notice thereof shall be given in the same manner and for the same length of time as provided in sections 21-1-15 with regard to the creation of municipal corporations, and all parties interested in, affected by, or being aggrieved by said proposed enlargement or contraction shall have the right to appear at such hearing and present their objection to such proposed enlargement or contraction. . . .

(emphasis added). The relevant portion of Miss. Code Ann. § 21-1-15 (1990) states:

> The said notice shall be given by publication thereof in some newspaper published or having a general circulation in the territory proposed to be incorporated once each week for three consecutive weeks, and by posting a copy of such notice in three or more public places *in such territory*. The first publication of such notice and the posting shall be made at least thirty days prior to the day fixed for the hearing of said petition, and such notice shall contain a full description of the territory proposed to be incorporated . . . .

(emphasis added).

¶9. The concerned citizens do not dispute the fact that a notice was published in a local newspaper. However, they do argue that the city did not meet the requirement that the notice be posted in three or more public places in the area to be annexed. It is well established in our jurisprudence that in order to prove notice was made, the record of the proceedings should affirmatively show the posting was done. Where posted "notice is in lieu of personal service . . . the law is well settled in this state that summons providing for notice in lieu of personal summons must be strictly complied with." *Langstaff v. Town of Durant*, 122 Miss. 471, 84 So. 459, 460 (1920) (citations omitted). Additionally, this Court held in *Langstaff* that "[w]here the statute requires a notice to be posted at a particular place, the notice must be so posted, and the record should show that it was posted in accordance with the statute." *Id.*

¶10. The requirement in *Langstaff* that the record should prove the fact that posting notice was made in compliance with the statute was reiterated by this Court in *Myrick v. Incorporation of a Designated Area into a Mun. Corp. to be Named Stringer*, 336 So. 2d 209 (Miss. 1976). This Court stated "[t]he burden of proof was upon the petitioners to show that they had met the statutory requirements [for notice] to give the court jurisdiction to hear their petition." *Id.* at 210. In the present case, the burden of proof is on

the city.

¶11. This Court again affirmed this principle in *Wiley v. Corporate Boundaries of City of Iuka*, 441 So. 2d 116, 117 (Miss. 1983), holding that "the notice requirement must be strictly complied with and the record must show 'that they [notices] were posted as required by statute." The city argues that this Court must affirm the chancellor's finding that it had met the statutory requirements for annexation because there is nothing in the record to indicate otherwise. The concerned citizens contend that this Court must reverse because the record does not indicate the proper posting of notice in three public places within Tract B was done. The concerned citizens are correct that the burden of proof is on the city and that the record should contain proof that the posting complied with the statutory requirements. There clearly is not sufficient evidence in the record before this Court to prove that posting was properly done. Thus this Court is not able to conclude the chancellor's decision was properly supported by substantial credible evidence.

### II. WHETHER FINAL JUDGMENT IS VOID BECAUSE LOWER COURT COMMITTED REVERSIBLE ERROR IN HOLDING THAT IT HAD JURISDICTION OVER THE PARTIES AND APPELLANTS CAN THEREFORE RAISE THIS ISSUE FOR THE FIRST TIME ON APPEAL?

¶12. The concerned citizens also contend that because the city failed to comply with the notice requirements of Section 21-1-15, the lower court should have found that it lacked jurisdiction to issue its decree. Although the question of jurisdiction was not raised in the trial court, there is no question it may be raised for the first time on appeal. This Court has held that the requirements relative to notice as provided in Section 21-1-15 are "mandatory and jurisdictional" and "in the absence of proper notice, the trial court was without jurisdiction to order an incorporation, the decree doing so is void, and the question may be raised for the first time on appeal in this Court." *Myrick*, 336 So. 2d at 210-11 (emphasis added). *See also McDaniel Bros. Constr. Co., v. Jordy*, 254 Miss. 839, 865, 183 So. 2d 501 (1966)(this Court is required to determine whether or not we have jurisdiction, and may do so on our own motion); *Khoury v. Saik*, 203 Miss. 155, 617, 33 So. 2d 616 (1947) (a jurisdictional matter may be raised here for the first time). Thus the jurisdiction issue is properly before this Court, and we agree that the chancery court erred in finding that it had jurisdiction, in light of the absence of substantial credible evidence that the statutory notice requirements were met.

### III. WHETHER APPELLANTS CAUSED A RECORD SUFFICIENT FOR REVIEW FOR POINTS RAISED IN THEIR BRIEF ON APPEAL?

¶13. The city claims that the concerned citizens "have failed to cause a sufficient record on appeal to enable this Court to decide issues raised on appeal." The city further contends that the concerned citizens should not be able to argue, as they do, that the record is devoid of evidence, when it is their responsibility to properly designate the record. The city cites two cases for the proposition that the burden is on appellants to ensure that a record is sufficient. *Shelton v. Kindred*, 279 So. 2d 642 (Miss. 1973); *Willenbrock v. Brown*, 239 So. 2d 922 (Miss. 1970). However, the concerned citizens correctly point out that these two cases were decided prior to the adoption of the Mississippi Rules of Appellate Procedure in 1995, and they argue that the rules of appellate procedure place the responsibility equally on both parties to ensure there is an adequate record. Rule 10(a) provides "[t]he parties shall designate the record." While Rule 10(b)(2) does require an appellant to provide a proper designation to allow the reviewing court to resolve the issues, an appellee has the opportunity to supplement the appellant's designation if the appellee feels that it is

deficient, and should not then be allowed to complain if he fails to do so.

## CONCLUSION

¶14. The chancellor's finding that the city met the statutory requirements for annexation of the proposed area was not supported by substantial credible evidence. Consequently, we reverse the judgment of the Leflore County Chancery Court and remand this case to that court for proper proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER AND DIAZ, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Question 1: "Has the notice be properly posted published [sic]?"

Answer: "Yes, sir."

Question 2: "Do you know of anyone who has contacted you or the City concerning any questions about this annexation, or any objections to this annexation?"

Answer: "No, Your Honor, we've heard no communications. Once that Track [sic] A got certified [sic], we've heard no objection."

2. The only proof of publication in the newspaper in the record before this Court pertains to the August 23, 1999, hearing.

3. This is the same attorney who filed the Amended Petition for Enlargement which only mentions publication in the newspaper and makes no mention of any posting of notice as required by Miss. Code Ann. § 21-1-33 in accord with § 21-1-15: "posting a copy of such notice in three or more public places in such territory [to be annexed]"