# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-AN-01808-SCT

*IN THE MATTER OF THE ENLARGEMENT AND EXTENSION OF THE MUNICIPAL BOUNDARIES OF THE CITY OF HORN LAKE, MISSISSIPPI: DON COX*

*v.*

*CITY OF HORN LAKE, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/2000 |
| TRIAL JUDGE: | HON. RAY HILLMAN MONTGOMERY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JERRY L. MILLS |
| ATTORNEYS FOR APPELLEE: | BILLY C. CAMPBELL, JR. |
| | WILLIAM AUSTIN BASKIN |
| | JERRY R. WALLACE |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | APPEAL DISMISSED - 04/18/2002 |
| MOTION FOR REHEARING FILED: | 6/3/2002; denied 8/1/2002 |
| MANDATE ISSUED: | 8/8/2002 |

**BEFORE SMITH, P.J., DIAZ AND EASLEY, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The case before this Court addresses the issues of standing, adequate service of process, and adequate notice on unrepresented third parties in the proposed annexation of the City of Horn Lake (the City), Mississippi. On December 17, 1997, the City filed a petition for the enlargement and extension of its municipal boundaries in the Chancery Court of DeSoto County. A special chancellor heard the evidence concerning the annexation matter commencing June 28, 1999, through January 25, 2000. On September 15, 2000, the special chancellor issued his opinion which annexed part and excluded part of the proposed enlargement and extension area of the City. On October 17, 2000, the special chancellor issued a judgment approving, ratifying and confirming the enlargement and extension of the boundaries of the City. On October 20, 2000, Don Cox (Cox) appealed to this Court from the judgment of the DeSoto County

Chancery Court.

## STATEMENT OF THE FACTS

¶2. On December 17, 1997, the City filed a petition for the enlargement and extension of its municipal boundaries in the Chancery Court of DeSoto County. A hearing was scheduled for January 27, 1998. Written objections were filed on or before the hearing date. On January 27, 1998, the lower court continued the case until April 15, 1998. The chancellor recused himself on January 27, 1998; however, the order provided that the lower court would retain jurisdiction of the matter for the limited purpose of entertaining issues related to discovery until such time as a special chancellor was appointed to hear the case. On January 30, 1998, a scheduling order was filed which stated in part the following:

> ORDERED that all Objectors appearing *pro se* (without an attorney) shall be bound by this Order regarding each matter listed herein, including but not limited to identification of witnesses and production of documents, just as if said parties were represented by counsel.
>
> ....
>
> ORDERED that the DeSoto County Chancery Clerk be, and he is hereby ordered to post a copy of this Order on the public bulletin board in the DeSoto County Courthouse in Hernando, Mississippi.

¶3. On March 9, 1998, the City filed interrogatories, requests for admissions and request for production of documents against all persons interested in, affected by, or being aggrieved by the proposed annexation and filed discovery with the Chancery Court of DeSoto County. The certificate of service addressed the document to five attorneys representing various individuals in the annexation including Cox.

¶4. On April 9 and 15, 1998, two other chancellors recused themselves from hearing the case. On April 14, 1998, the matter was again continued to June 8, 1998. However, on June 8, 1998, no hearing was held, and there was no order continuing the matter. On July 22, 1998, the appointment of a special chancellor was requested pursuant to Miss. Code Ann. § 9-1-105. By order dated December 4, 1998, this Court approved the request for a special chancellor, appointing the Honorable Ray H. Montgomery to hear the case.

¶5. On January 27, 1999, the City filed a Notice of Motion to Compel Discovery and for Sanctions with the lower court and sent the notice to four attorneys representing individuals, including Jerry L. Mills, attorney for Cox. On February 11, 1999, the special chancellor recognized that there was no order continuing the case from June 8, 1998. Therefore, in his order dated February 11, 1999, the special chancellor ordered a republishing and reposting of the matter. A sheriff's return and affidavit as to the posting and notice of proof of publication were filed with the chancery court.

¶6. By order dated April 15, 1999, the special chancellor ruled that because of a failure to respond and a failure to request an extension of time or leave to withdraw admissions, all parties interested in, affected by, or being aggrieved by the proposed enlargement and extension of the municipal boundaries of the City were deemed to have admitted the admissions propounded by the City. Specifically named and **excluded** from this ruling of the court was Cox, along with a list of other individuals.

¶7. Beginning on June 28, 1999, through completion on January 25, 2000, the trial court heard testimony concerning the annexation. On September 15, 2000, the special chancellor issued his opinion in which a

portion of the proposed area was annexed and portions of proposed Sections 7, 8, and 9 were not included in the annexation. On October 17, 2000, the special chancellor rendered a judgment. The judgment acknowledged that proof of the required notice was provided by proof of publication in the newspaper, as well as the posting of the notice in at least three places within the City and territory. On October 20, 2000, Cox appealed from the judgment of the DeSoto County Chancery Court to this Court.

## STATEMENT OF THE ISSUES

**I. Whether Cox has standing to pursue the appeal before this Court.**

**II. Whether the trial court committed reversible error in determining third parties admitted the Request for Admissions in the absence of alleged service and notice of hearing on such persons.**

## LEGAL ANALYSIS

### I. Standing

¶8. Before reaching a determination as to the alleged lower court's error pertaining to service and notice on the unrepresented third parties, the City raises the issue of standing.

¶9. Cox argues that the trial court committed reversible error when it ruled that "all persons interested in, affected by, or being aggrieved" by the proposed enlargement and extension of the municipal boundaries of the City had admitted the requests for admissions filed by the City.

¶10. The City counters that Cox has no standing to bring the appeal before this Court. "'Standing' is a jurisdictional issue which may be raised by any party or the Court at any time." *City of Madison v. Bryan*, 763 So.2d 162, 166 (Miss. 2000). The City claims that Cox has no privity to the third parties affected by the lower court ruling, and he cannot show that he is aggrieved by the ruling. No third party pro se objector is party to this appeal before the Court. Cox, who was specifically excluded from the decision of the lower court, is the only person to appeal the lower court's decision.

¶11. Miss. Code Ann. § 21-1-37 (2000) provides the following in terms of an appeal from aggrieved parties in annexation cases:

> If the municipality or any other interested person who was a party to the proceedings in the chancery court be aggrieved by the decree of the chancellor, then such municipality or other person may prosecute an appeal therefrom within the time and in the manner and with like effect as is provided in section 21-1-21[1] in the case of appeals from the decree of the chancellor with regard to the creation of a municipal corporation.

¶12. The City maintains that admissions are binding only on objectors who do not come forward and voice their objections or request that the admission be withdrawn. On January 30, 1998, the scheduling order filed by the lower court ordered that all objectors that appeared pro se would be bound by the order, including but not limited to, identification of witnesses and production of documents, just as if said parties were represented by counsel. On April 15, 1999, the special chancellor ruled that the requests for admissions as to all parties interested in, affected by, or being aggrieved by the proposed annexation were deemed to be admitted.

¶13. The City stands on the fact that Cox was specifically named in the Order as one of the individuals that was _excluded_ from this portion of the Order. Cox never objected to the original discovery order. Therefore, the City argues that since Cox was not bound by the admissions of the third parties, he clearly was not adversely impacted by the lower court's ruling. Furthermore, the City claims that Cox has failed to demonstrate any adverse impact or harm to his substantial rights that may have resulted from the lower court's ruling.

¶14. Counsel for Cox, however, did object when the City sought to have a copy of the requests for admissions admitted into the record, but counsel for Cox stated that he did not represent these third parties. Counsel for Cox stated in part that "I am making a statement as to the position of my clients, and it is the position of my clients that any aggrieved parties interested in, affected by, or aggrieved by the proposed annexation should have the full right of participation." The lower court overruled the objection. However, the City correctly argues that Cox did not assert any adverse impact that the ruling may have had upon him.

¶15. The City asserts that since Cox did not establish that he was adversely affected by the ruling he cannot continue his appeal. In effect , the City claims that Cox was not aggrieved by the special chancellor's decision. The City claims that a party has no standing to appeal a lower court decision where there is no demonstration that the lower court's ruling was erroneous and the decision did not deprive the party of a substantial right. Further, the City claims that Cox failed to show in the record that he had property in the area.[(2)]

¶16. In addressing a permit application case, this Court held that in order for the party to have standing in the matter, the party must demonstrate that the City's action had an adverse effect on property in which he has an interest. **_City of Madison v. Bryan_**, 763 So.2d 162, 166 (Miss. 2000) (citing **_White Cypress Lakes Dev. Corp. v. Hertz_**, 541 So.2d 1031, 1034 (Miss.1989).

¶17. Cox maintains that Miss. Code Ann. § 21-1-37 (2000) statutorily controls the issue of standing in annexation cases. Further, Cox argues that a party's right to appeal has been held to apply even to those that did not participate in the trial. **_Sperry Rand Corp. v. City of Jackson_**, 245 So.2d 574, 575 (Miss. 1971). This Court held in **_Sperry_** the following in part:

> In overruling the motion, this Court considered the language actually employed in the statute to be controlling. The statute (Mississippi Code 1942 Annotated section 3374--08[(3)]) grants the right of appeal 'to any person interested in or aggrieved by the decree of the chancellor, and who was a party to the proceedings in the chancery court. * * *' The right is not limited to those parties who actively participated in the proceedings in that court. The interpolation of 'who participated' or 'who appeared' or words of similar restrictive import, was not considered to be justified.

> To fulfill the requirements of due process, the statute provides for publication of notice to all owners of property within the area proposed to be annexed. The statutory notice having been given, appellants and others within that classification, became 'parties to the proceedings' in the chancery court. This status continued through final decree, which became conclusive and binding upon appellants and will so remain until and unless reversed or modified on appeal.

> Their property rights having been adjudicated and the decree being res judicata as to them, appellants have perfected an appeal to this Court within the time and in the manner permitted by statute. This appeal they are entitled to prosecute. As in other cases of appeal, it will be limited to the record as

made. No inference of any kind whatever is to be drawn from this ruling as to what limitations, if any, there may or may not be as to grounds for reversal available for assignment by appellants.

*Sperry*, 245 So.2d at 575. Cox further cites *Norwood v. In Matter of Extension of Boundaries of City of Itta Bena*, 788 So.2d 747 (Miss. 2001), for its reversal of a municipal annexation in which parties that did not participate in the trial had the right to appeal. However, *Norwood* is distinguishable from the case sub judice because the parties appealing the case asserted that the City of Itta Ben failed to provide mandatory notice through posting in three public places. *See* Miss. Code Ann. § § 21-1-15 and §21-1-33. The City sought to annex areas known as Tract A and Tract B. *Norwood*, 788 So.2d at 749. The City later amended its petition deleting Tract A from the proposed annexation. *Id.* at 748. The parties appealing the annexation of Tract B were a group of concerned citizens living in Tract B, the only area annexed. *Id.* at 749*.* In the case before this Court, Cox is asserting a notice claim on behalf of a third party who is not a named party to this appeal. In *Norwood*, the parties affected by the decision were the parties appealing the decision.

¶18. Cox argues that the lower court's deeming the admissions as admitted was detrimental to him. Cox claims that he was deprived of the ability to call witnesses that opposed the annexation. According to Cox, anyone that has admitted the reasonableness of the annexation would be a tainted witness. Cox also asserts that the chancellor's ruling must look to the evidence as a whole to decide whether an annexation is reasonable. However, the special chancellor recited in his opinion that he reaffirmed the April 15, 1999, order determining that the admissions were deemed admitted.

¶19. Despite Cox's arguments pertaining to standing and notice, he is asserting a claim that concerns a ruling that clearly applies to third parties. These third parties have not objected or appealed to this Court for any relief on the alleged notice and service issues. The special chancellor's order concerning the admissions specifically excluded Cox from its determination. Had the third parties joined in this appeal, then they would have standing to dispute any allegations relating to service and notice. However, these are not the facts before this Court.

## CONCLUSION

¶20. The chancellor ruled that the admissions of the third parties were admitted. Indeed, counsel for Cox stated that he did not represent the third parties. Accordingly, this appeal is dismissed for lack of standing. Cox is raising an issue pertaining to a ruling on a third party, as such, he has no privity to the appeal on this issue. Since the standing issue is dispositive of the case, this Court need not address any further issues presented on appeal.

¶21. **APPEAL DISMISSED.**

**McRAE AND SMITH, P.JJ., WALLER, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. PITTMAN, C.J., AND COBB, J., CONCUR IN RESULT ONLY.**

1. Miss. Code Ann. § 21-1-21 provides:

Any person interested in or aggrieved by the decree of the chancellor, and who was a party to the proceedings in the chancery court, may prosecute an appeal therefrom to the supreme court within ten days from the date of such decree by furnishing an appeal bond in the sum of five hundred dollars with two good and sufficient sureties, conditioned to pay all costs of the appeal in event the decree is

affirmed. Such appeal bond shall be subject to the approval of the chancery clerk and shall operate as a supersedeas. If the decree of the chancellor be affirmed by the supreme court, then such decree shall go into effect after the passage of ten days from the date of the final judgment thereon, and the party or parties prosecuting such appeal and the sureties on their appeal bond shall be adjudged to pay all costs of such appeal.

2. Cox disputes the City's allegation and stated that the location of his property was provided in discovery and is part of the area annexed by the City. A review of the court papers reveals that Cox's address was in Walls, Mississippi.

3. Miss. Code Ann. § 21-1-21 is derived from Miss. Code Ann. § 3374-08 (1942). *See also* Miss. Code Ann. § 21-1-37.