# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-AN-01436-SCT

*IN THE MATTER OF THE ENLARGEMENT AND EXTENSION OF THE MUNICIPAL BOUNDARIES OF THE CITY OF CLINTON, MISSISSIPPI: DAVID WEEKS, MYRA JANE HALE, LUCAS L. HALE, R. MITCHELL HALE, AND SUZYN B. HALE, d/b/a HALE FIREWORKS, LLC*

*v.*

*CITY OF CLINTON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/16/2004 |
| TRIAL JUDGE: | HON. STUART ROBINSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | T. JACKSON LYONS |
| | JOHN R. REEVES |
| | JOHN JUSTIN KING |
| ATTORNEYS FOR APPELLEE: | JERRY L. MILLS |
| | KENNETH R. DREHER |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | VACATED AND REMANDED - 01/26/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Various owners of land annexed by the City of Clinton appeal from the judgment and order of the Chancery Court of the Second Judicial District of Hinds County approving the plan of annexation. We vacate and remand for failure of the learned chancellor to address the twelve indicia of reasonableness in support of his decision to approve the annexation.

**STATEMENT OF THE CASE**

¶2. On January 29, 2003, after years of consulting with city planning firms, the City of Clinton filed a complaint in the nature of a petition for the annexation of certain areas outside the city limits of Clinton. Chancellor Stuart Robinson heard testimony and was presented evidence from both the City of Clinton and objectors to the annexation in a hearing held in June of 2003. The chancellor gave a brief ruling from the bench and then entered a final judgment approving the City of Clinton's annexation plan. A number of objectors filed timely appeals to this Court seeking reversal of the chancellor's decision to allow the annexation.

¶3. On appeal, the objectors challenge the notice-based jurisdiction of the chancery court, object to possible bias in the chancellor's decision, and find fault in the chancellor's failure to specifically address the twelve indicia of reasonableness for annexation cases outlined by this Court. Additionally, the City of Clinton, in addition to disputing the issues raised by the objectors, argues that members of the Hale family d/b/a Hale Fireworks, L.L.C. have no standing to participate in this appeal.

**STANDARD OF REVIEW**

¶4. We may reverse a chancellor's determination that an annexation is either reasonable or unreasonable only if that decision is manifestly erroneous or is unsupported by substantial credible evidence. *In re Extension of the Boundaries of the City of Batesville, Panola County*, 760 So. 2d 697, 699 (Miss. 2000); *In Re the Enlargement and Extension of the Municipal Boundaries of the City of Biloxi*, 744 So. 2d 270, 277 (Miss. 1999) (citing *McElhaney v. City of Horn Lake*, 501 So. 2d 401, 403 (Miss. 1987)); *Extension of*

2

*Boundaries of City of Moss Point v. Sherman*, 492 So. 2d 289, 290 (Miss. 1986); *Enlargement of Boundaries of Yazoo City v. City of Yazoo City*, 452 So. 2d 837, 838 (Miss. 1984); *Matter of Extension of Boundaries of City of Clinton*, 450 So.2d 85, 89 (Miss. 1984)). "Where there is conflicting, credible evidence, we defer to the findings below." *City of Batesville*, 760 So. 2d at 699 (quoting *Bassett v. Town of Taylorsville*, 542 So. 2d 918, 921 (Miss. 1989)). "Findings of fact made in the context of conflicting, credible evidence may not be disturbed unless this Court can say that from all the evidence that such findings are manifestly wrong, given the weight of the evidence." *Bassett*, 542 So. 2d at 921. "We only reverse where the Chancery Court has employed erroneous legal standards or where we are left with a firm and definite conviction that a mistake has been made." *Id.* (citing *City of Biloxi*, 744 So. 2d at 277.)

## ANALYSIS

### I. Whether Members of the Hale Family have Standing as Appellants to Appeal

¶5.     Among those appealing the chancellor's decision to allow the annexation are members of the Hale family.  The Hale family was not among the original objectors because they assert they never had notice of the hearing and, thus, were absent from the proceedings in chancery court.  Though not parties to the original action, the Hales are still allowed to appeal the approval of annexation if their property rights were adjudicated by the chancellor's decision. *See Sperry Rand Corp. v. City of Jackson*, 245 So. 2d 574, 575 (Miss. 1971).

¶6.     The City of Clinton asserts, however, that members of the Hale family lack the requisite standing necessary to properly perfect an appeal in this case because the Hale family listed themselves on their Notice of Appeal by their individual names followed by "d/b/a Hale

Fireworks, L.L.C., A Missouri Limited Liability Company." Because the trade name of Hale Fireworks was included after the names of individual members of the Hale family, the City argues the real party in interest is the company - which has no property in Mississippi and thus may lack standing to challenge the annexation decision of the chancery court. While it is true that the land has sometimes been used by the Hales to sell fireworks, members of the Hale family have presented affidavits and evidence, such as certified warranty deeds, that they, and not their business, are landowners in the part of the area approved for annexation by the chancery court and, thus, have standing to appeal the decision. *Id*; *see also* ***Harrison County v. City of Gulfport***, 557 So. 2d 780, 782-83 (Miss. 1990). Because the Hales have produced documentary proof of their interest in the chancery court's decision concerning the annexation in question, we find the City's contention that members of the Hale family are without standing to challenge the annexation without merit.

¶7.     The Hale objectors also ask us to sanction the City for attempting to remove them from this appeal due to a lack of standing. The Hales argue that the City's motion to strike their brief was filed with no chance of success and, thus, was a frivolous motion appropriate for sanctions under Rule 46(d) of the Mississippi Rules of Appellate Procedure. The City's motion to strike was predicated on a theory that the Hales' business was the real party in interest. Being incorporated in Missouri, the City asked us to explore the possibility that standing was absent due to the out of state citizenship of the corporation. After reviewing the City's motion to strike, we find that, while the City's argument ultimately was not successful, it cannot be classified as frivolous and does not warrant sanctions under M.R.A.P. 46(d). The Hales' request for sanctions is denied.

4

**II. Whether Adequate Notice of the Annexation Hearing was Given**

¶8. Objectors to the annexation also contend the chancery court was without jurisdiction to hear the case because proper notice was not given. The City of Clinton argues that because the issue of notice was not raised before the chancery court, the objectors are procedurally barred from raising it now. The City's argument is completely without merit. While issues not raised at the trial court are typically not permitted to be argued on appeal, the issue of notice in annexation cases has been specifically classified as jurisdictional by this Court and may be raised for the first time on appeal. *Norwood v. City of Itta Bena*, 788 So. 2d 747, 751 (Miss. 2001) (citing *Myrick v. Stringer*, 336 So. 2d 209, 210-11 (Miss. 1976)).

¶9. Turning to the Hales' contention that inadequate notice was provided, we note that Miss. Code Ann. Section 21-1-31 (Rev. 2001) provides notice of a hearing on a proposed area of annexation must be given in the same way notice is given under Miss. Code Ann. Section 21-1-15 (Rev. 2001) for the creation of municipal corporations. Miss. Code Ann. Section 21-1-15 (Rev. 2001) requires notice be published in a newspaper as well as the posting of such notice in public places:

> The said notice shall be given by publication thereof in some newspaper published or having a general circulation in the territory proposed to be incorporated once each week for three consecutive weeks, and by posting a copy of such notice in three or more public places in such territory. The first publication of such notice and the posted notice shall be made at least thirty days prior to the day fixed for the hearing of said petition, and such notice shall contain a full description of the territory proposed to be incorporated. However, if any of the territory proposed to be incorporated is located within three miles of the boundaries of an existing municipality, then such existing municipality shall be made a party defendant to such petition and shall be served with process in the manner provided by law, which process shall be served at least thirty days prior to the date set for the hearing.

Miss. Code Ann. § 21-1-15 (Rev. 2001). We have specifically stated that failure to give proper notice in annexation cases renders a chancery court without jurisdiction to hear the case at all. *Norwood*, 788 So. 2d at 751(citing *Myrick*, 336 So. 2d at 210-11).

¶10. The Hale objectors contend the City failed to prove notice was given. The City filed the affidavit of Richard Broome as proof that notice had been properly provided. In his affidavit, Broome stated under oath the locations where he had posted copies of the notice of the hearing. Additionally, a copy of the notice published in the Clarion-Ledger was filed along with the sworn statement of a Clarion-Ledger employee verifying the authenticity of the notice and dates of its publication. Broome did not appear at the hearing, and only his affidavit was submitted as proof of notice. At the City's request, the chancellor took judicial notice of the affidavits as evidence that all notice requirements had been met in the case. The chancellor's decision to take such notice was met with no objection by any of those appearing to oppose the annexation. It is from this specific decision that the Hales appeal. The Hales argue the affidavit was insufficient to provide proof of notice because such an affidavit is untrustworthy and an illegal admission of hearsay. We have addressed similar issues before and stated that the burden is on those seeking annexation to affirmatively show through the record that adequate posting and publication of notice were completed. *Norwood*, 788 So. 2d at 751; *Myrick*, 336 So. 2d at 210-11; *Wiley v. City of Iuka*, 441 So. 2d 116, 117 (Miss. 1983).

¶11. Miss. Code Ann. Section 13-1-145 (1972) (repealed 1991) previously allowed a party to prove posting of notice in an annexation case by filing a copy of the notice, as well as an affidavit of posting, with the applicable court. Now, lacking statutory guidance as to how such notice can be proven, we have relied upon Mississippi Rule of Civil Procedure (M.R.C.P.) 4

6

to clarify issues of proof of notice. *In re Extension of Corporate Boundaries of the Town of Mantachie*, 685 So. 2d 724, 726 (Miss. 1996). M.R.C.P. 4(f) provides that a person, other than a sheriff, may make proof of service by affidavit. In the instant case, the City of Clinton did just that.

¶12. This Court takes seriously proof of proper notice. In *Norwood*, for example, we found that an attorney's single response to the question of whether proper notice had been served was inadequate to meet the requirements for proof of notice. *Norwood*, 788 So. 2d at 750-52. The answer of the attorney in *Norwood* was vague and outlined no specifics as to the posting of notice. *Id*. Here, Broome specifically stated the exact locations and dates of his postings of notice of the hearings in his affidavit as required by M.R.C.P. 4(f) and Miss. Code Ann. Sections 21-1-15 and 31 (Rev. 2001). The chancellor did not commit manifest error by allowing the detailed affidavit of Richard Broome to constitute adequate proof of notice. The Hales' contention to the contrary is without merit.

**III. Whether the Chancellor's Ruling and Judgment were Sufficient**

¶13. Those opposed to the annexation seek reversal because, in reaching his ruling and judgment, the chancellor failed to consider and weigh the twelve indicia of reasonableness, a requirement essential to any decision regarding a proposed annexation. *City of Batesville*, 760 So. 2d at 699-700. In *City of Batesville*, we reviewed these twelve factors: (1) the municipality's need for expansion, (2) whether the area sought to be annexed is reasonably within a path of growth of the city, (3) the potential health hazards from sewage and waste disposal in the annexed areas, (4) the municipality's financial ability to make the improvements and furnish municipal services promised, (5) the need for zoning and overall planning in the

7

area, (6) the need for municipal services in the area sought to be annexed, (7) whether there are natural barriers between the city and the [proposed annexation area], (8) the past performance and time element involved in the city's provision of services to its present residents, (9) the impact (economic or otherwise) of the annexation upon those who live in or own in the city or proposed annexation area, (10) the impact of the annexation upon the voting strength of protected minority groups, (11) whether the property owners and other inhabitants of the areas sought to be annexed have in the past, and for the foreseeable future unless annexed will, because of their reasonable proximity to the corporate limits of the municipality, enjoy the (economic and social) benefits of proximity to the municipality without paying their fair share of the taxes, and (12) any other factors that may suggest reasonableness vel non. *Id*.

¶14.    We have stated that a chancellor *must* consider all twelve of the factors in order to determine whether the annexation is reasonable under the totality of the circumstances. *City of Laurel v. Sharon Waterworks Ass'n*,--- So.2d ----, 2005 WL1906031, at \*1,4 (Miss. 2005); *In re Enlargement and Extension of Municipal Boundaries of City of Biloxi*, 744 So. 2d 270, 276-77 (Miss. 1999).  In the instant case, the chancellor's verbal ruling and written judgment contain no reference to the twelve indicia of reasonableness in his decision to allow the annexation.   Accordingly, the chancellor's failure to weigh and apply each of the twelve factors in some form for the record renders this Court unable to determine whether substantial evidence supports the chancellor's reasoning and ruling that the annexation should have been granted. *See City of Laurel*, 2005 WL1906031 at \*1.

**IV. Whether Personal Bias Unreasonably Factored into the Chancellor's Decision**

¶15. Objectors to the annexation claim the chancellor erred by allowing personal bias to inappropriately influence his decision about the annexation. Additionally, they argue the chancellor inserted his personal opinion as a sort of "thirteenth factor" to the twelve indicia of reasonableness. The objectors focus on statements made by the chancellor when he verbally ruled the annexation proposal by the City was being approved by the court. The chancellor's ruling, the objectors argue, was based on a preference that the area be annexed by Clinton before the city of Jackson attempted to annex it:

> And I'll say this much, too. Having been born and raised in Jackson, I know Jackson, and if the City of Clinton didn't get this annexed property, you could count next month on Jackson coming after you; I can promise you that. They were already after you, and everybody out here is aware of what they're doing in Byram. They're trying to take over Byram. So they're going to be relentless. I think you're much better off being part of the City of Clinton, and I say that from experience. So that's going to be the ruling of the Court, that the plaintiff will prevail.

¶16. We presume a judge is qualified and unbiased unless evidence presented produces a reasonable doubt as to the judge's impartiality and ask whether "a reasonable person, knowing all of the circumstances, would harbor doubts about the [judge's] impartiality." *Turner v. State*, 573 So.2d 657, 678 (Miss.1990). While the chancellor did make the statement in his ruling that the City of Clinton had proven its case, his statement that the annexed area would fare better as a part of the City of Clinton and not the City of Jackson is troubling. We do not find that such a comment rises to the level of disqualifying bias, but on remand we direct the chancellor to base his decision on the twelve indicia of reasonableness announced by this Court and ultimately on the totality of the circumstances - not personal opinion. This assignment of error is without merit.

9

**CONCLUSION**

¶17. Because the chancellor failed to weigh and apply the twelve indicia of reasonableness on the record in order to determine whether the annexation was reasonable under the totality of the circumstances, we vacate the chancellor's judgment and remand this case with instructions to the chancellor to provide more detailed reasoning on the record as to each indicium of reasonableness and to enter a new judgment in accordance with those findings and conclusions.

¶18. **VACATED AND REMANDED.**

**COBB, P.J., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. SMITH, C.J., AND DIAZ, J., NOT PARTICIPATING.**